Standish Unemployment Compensation Case.

Argued April 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Anthony Standish,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., June 10, 1959:

The appellant here was denied unemployment compensation benefits by the bureau, referee and board on the ground that he was disqualified under the provisions of section 402(e) of the Unemployment Compensation Law, 43 PS §802(e).

This section provides that an employe shall be ineligible for compensation if his unemployment is due to his discharge "for willful misconduct connected with his work."

The board here found that "On April 25, 1958, the claimant approached the night supervisor as he passed through the shop and launched into an unprovoked verbal attack on the supervisor using vulgar and abusive language;" and that "Prior to this time claimant had been given five disciplinary suspensions for wandering from his place of work." The board further found the claimant's discharge was the result of a verbal attack upon the supervisor and his unsatisfactory work record.

The reasonable inferences to be drawn from the testimony, as well as the credibility of the witnesses and the weight of their testimony are for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955).

When the board finds against the claimant we must determine whether the findings of fact are consistent with each other and with its conclusions of law and its order, and whether such findings of fact can be sustained without a capricious disregard of the competent evidence. *Lavely Unemployment Compensation Case,* 163 Pa. Superior Ct. 66, 67, 60 A. 2d 352 (1948) ; *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51 (1942).

Under the evidence, the board was justified in making its findings, conclusions and order.

Decision affirmed.