Cade Unemployment Compensation Case.

Argued September 16, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Harry R. Back,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

4

OPINION BY ERVIN, J., November 11, 1959:

The only question raised in this appeal is whether the appellant was guilty of "willful misconduct," within the meaning of §402(e) of the Unemployment Compensation Law, 43 PS §802(e), where, despite warnings, he continued to leave the employer's premises during working hours without authorization. The Bureau of Employment Security denied benefits to the appellant. The referee, to whom the case was referred, reversed the bureau's decision and allowed benefits. The Board of Review reversed the referee and denied compensation to the appellant.

Appellant argues that the board's reversal of the referee was arbitrary and capricious since the board heard none of the witnesses. This contention is without merit as the law specifically provides that the board is empowered to review the decision of the referee, and, on the basis of the testimony previously submitted, it may affirm, modify or reverse the referee's determination: §504, Unemployment Compensation Law, 43 PS §824.

The board is the ultimate fact finding body: *Davidson Unemployment Compensation Case*, 189 Pa. Superior Ct. 543, 549, 151 A. 2d 870; *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271.

The board is not bound to accept the claimant's testimony: *McDaniel Unemployment Compensation Case*, 189 Pa. Superior Ct. 631, 633, 151 A. 2d 667.

The facts as found by the Board of Review, if supported by competent testimony, are binding upon us: §510, Unemployment Compensation Law, 43 PS §830; *Mettetal Unemployment Compensation Case*, 187 Pa. Superior Ct. 291, 144 A. 2d 586.

The appellant's actions in leaving the employer's premises during working hours constituted willful

misconduct and he was, therefore, disqualified from receiving compensation: *Siderio Unemployment Compensation Case,* 168 Pa. Superior Ct. 642, 645, 82 A. 2d 567.

Without reviewing the testimony in detail, the record clearly reveals that the claimant left the employer's premises during working hours without authorization and that he had been previously warned not to do this. His failure to heed the employer's warnings constituted willful misconduct within the meaning of the law. The employer testified that the appellant was at the bar drinking. The appellant denied this but that made a question of credibility for the board to determine and we may not interfere with that determination. The appellant also contends that the real reason for his discharge was his union activity. The employer denied this and, in fact, said he had no knowledge of such activity. He also said that he had no objection to a union. Again this was a question of credibility for the determination of the board.

Decision affirmed.