Busfield Unemployment Compensation Case.

Argued September 16, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*John A. Erickson,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WRIGHT, J., November 11, 1959:

Mrs. Genevieve Busfield was employed as an outside saleswoman by Moore, Inc., which operates the

upholstery, drape and slipcover concession in the Philadelphia Gimbel Brothers store. Her last day of work was September 5, 1958. Her application for benefits was disallowed by the Board of Review on the ground that her unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature under Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. 802(b). This appeal followed.

The record discloses that appellant had been employed for two years and eight months on a straight commission basis. She was required to use her own automobile, for which she received no expense allowance. Her average weekly earnings amounted to approximately $52.00, in addition to which she received $5.00 a week for telephone and parking charges. At the time of her original interview, appellant stated that she quit her job "because of the small amount of money I earned". The finding of the Board was that appellant "terminated her employment because she was dissatisfied with her earnings".

The argument of counsel for appellant is directed solely to the issue of the condition of appellant's automobile. He contends that appellant could not afford to make certain necessary repairs, and therefore had a compelling and necessitous reason for terminating her employment. However, our examination of the record clearly reveals, as found by the Board, that appellant's actual reason for terminating her employment relationship was dissatisfaction with her wages. In fact, appellant indicated that she would have worked an additional two weeks if her employer so desired, which leads to the conclusion that her automobile was still in good working order. Appellant also testified that her husband was employed full time, and that she and her husband owned an equity in a three apartment

dwelling. It was appellant's duty to provide an automobile as a condition of her employment, and the Board was justified in concluding that she could have met that condition had she so desired.

The applicable legal principles are well settled. The burden was upon appellant to justify her voluntary termination of employment: *Rosell Unemployment Compensation Case,* 184 Pa. Superior Ct. 556, 135 A. 2d 769. Since the decision of the Board was against the party having the burden of proof, the question before us is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence: *Standish Unemployment Compensation Case,* 189 Pa. Superior Ct. 471, 151 A. 2d 842. The credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board, and it is our duty to view the evidence in the light most favorable to the party in whose favor the Board has found: *Pierce Unemployment Compensation Case,* 189 Pa. Superior Ct. 246, 150 A. 2d 148.

We find no error in the Board's treatment of the instant case. Dissatisfaction concerning her earnings did not place appellant in the position of being compelled to quit: *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354.

Decision affirmed.