## Anetakis *v.* Salvation Army, Appellant.

Argued November 13, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*C. Dale Blair,* with him *Fink & Jennings,* for appellant.

*Edward B. Doran,* for appellee.

OPINION BY WATKINS, J., December 17, 1959:

In this workmen's compensation case, the claimant John Anetakis, was employed as a counselor at a summer camp for underprivileged boys, operated by the Salvation Army. On August 27, 1954, at or about 10:30 p.m., the claimant and several other counselors, after having put their charges to bed decided to leave the camp and go to a snack bar for something to eat. According to the record this snack bar was "off limits" for counselors by order of the camp director and he so testified, but the claimant testified that he had asked and secured permission from an assistant director to make the trip. After being at the snack bar for about one hour the group started back to the camp and when

at a point about 1/8 of a mile from the camp the claimant sustained a severe fall over the edge of a road down a cliff whereby he suffered serious injuries.

The issue in this case revolves around the referee's seventh finding of fact which reads as follows: "Seventh: That after careful consideration of all the facts in this case, your Referee is of the opinion, and so finds as a fact, that the claimant sustained all of these injuries by accident while he was engaged in his duties as a camp counselor for the Salvation Army at Camp Allegheny, Ellwood City, Pa." Based on this finding the referee found that claimant was entitled to benefits.

On appeal to the board the referee's seventh finding of fact and the conclusions of law based thereon were vacated and the board substituted the following: "Seventh: At the time of the occurrence of the accident herein, claimant was not actually furthering the business of defendant employer, but was merely serving his own convenience in obtaining refreshments at a snack bar located approximately ¼ mile from the employer's premises." And also substituted the following conclusion of law. "Second: The accident having occurred off the employer's premises and at a time when the claimant was engaged in serving his own convenience and not that of the employer, he is not entitled to recovery."

On appeal to the Court of Common Pleas of Westmoreland County the court below reversed the board and, by its finding that the claimant was entitled to benefits, in effect reinstated the finding of the referee, and entered judgment in favor of the claimant and against the defendant. This appeal followed.

We have repeatedly held that the findings of the Workmen's Compensation Board on appeal are binding on the reviewing court, if supported by competent evidence. When the board sustains the claim for com-

pensation and makes an award, the authority of the court is limited to a determination whether there is substantial, competent evidence to sustain the award. If however the board, as here, rejects the claim, it is not the province of the Court to weigh the testimony and decide whether it would have made the same decision. It can set aside the findings of the board refusing compensation only if they are inconsistent with each other or with its conclusions of law and its order, or if they cannot be sustained without a capricious disregard of the evidence. *Hudek v. United Eng. & Fdy. Co.*, 152 Pa. Superior Ct. 493, 33 A. 2d 41 (1943) ; *Standish Unemployment Compensation Case*, 189 Pa. Superior Ct. 471, 151 A. 2d 842 (1959). "The credibility of witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board, and it is our duty to view the evidence in the light most favorable to the party in whose favor the Board has found: Pierce Unemployment Compensation Case, 189 Pa. Superior Ct. 246, 150 A. 2d 148." *Busfield Unemployment Compensation Case*, 191 Pa. Superior Ct. 43, 155 A. 2d 436 (1959).

We have also repeatedly held that the referee is only the agent or representative of the Board and that the Board may disregard his findings and establish its own. "When the board reverses or sets aside a finding of fact of a referee, that finding is thereafter of no force and effect whatever." *Hudek v. United Eng. & Fdy. Co.*, supra. The board is the ultimate fact finding body. *Davidson Unemployment Compensation Case*, 189 Pa. Superior Ct. 543, 549, 151 A. 2d 870 (1959) ; *Cade Unemployment Compensation Case*, 191 Pa. Superior Ct. 3, 155 A. 2d 459 (1959).

The competent evidence upon which the board's pertinent finding of fact is predicated is the testimony in the record that the duties of the camp counselor involved 24-hour duty; that the counselor had been ad-

vised by the camp director that the snack bar itself was strictly "off limits" and that a counselor was not supposed to go there; that the claimant asked for and secured permission from an assistant director to go to the snack bar; and that the accident occurred while he was away from the camp to obtain refreshments for himself and was not at that time subject to call as required by his 24-hour duty.

Where the injury occurs off the premises of the employer compensation may not be awarded unless the employee was actually furthering the employer's business. *Rybitski v. Lebowitz*, 175 Pa. Superior Ct. 265, 104 A. 2d 161 (1954). In this case it was held that the decedent was not furthering the employer's business when it appeared he was killed while returning from a restaurant where he had gone for lunch with the permission of the employer. " '. . . if the act in which the employee was engaged when injured off the premises, was not connected with the employer's business, it must appear that the employer ordered or directed the act. Merely permitting the employee to do the act without directing or ordering its performance will not support an award. Gibson v. Blower's Paint Service, 140 Pa. Super. 216, 14 A. 2d 154.' " *Taylor v. Ewing,* 166 Pa. Superior Ct. 21, 70 A. 2d 456 (1950).

We agree with the board that: "The record is devoid of evidence to support a finding that claimant at the time he met with this unfortunate accident was 'actually furthering his employer's business'. On the contrary, the evidence is uncontradicted that claimant, while on his visit to the snack bar, was merely serving his own convenience." So most certainly the board's finding can be sustained without a capricious disregard of the competent evidence.

Judgment reversed and directed to be entered for the defendant.