## Weckerle Unemployment Compensation Case.

Argued November 12, 1959. Before Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ. (Rhodes, P. J., absent).

*Ivan E. Birsic,* and *Cauley & Birsic,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

Opinion by Woodside, J., December 17, 1959:

The claimant in this unemployment compensation case appealed to this Court after having been denied benefits by the bureau, the referee and the board. They each found that the claimant voluntarily chose to leave his employment without good cause.

When the board finds against the claimant, we must determine whether the findings of fact are consistent with each other and with its conclusions of law and its order, and whether such findings of fact can be sustained without a capricious disregard of the competent evidence. *Standish Unemployment Compensation Case,* 189 Pa. Superior Ct. 471, 473, 151 A. 2d 842 (1959). The appellant argues here that the board was guilty of a capricious disregard of competent evidence.

Because the claimant, a truck driver 64 years of age, was involved in three accidents within a two months period, he was "laid off until he obtained glasses." He had his eyes examined and was told he needed glasses, which he thereupon ordered. The next day he cancelled the order for the glasses, and the employer was so advised by the examining physician.

According to the testimony of the employer's witnesses, the claimant "thanked Mr. Costello [the super-

intendent under whom he worked] for being fair with him while working there and he said he didn't intend to get glasses and he was quitting his job." . . . "He said if he had to wear glasses he would quit." As the claimant was getting close to the age when he would receive a pension, his employer's representative said to him, "John, I think you are foolish. You are throwing a lot away." When the claimant said he would quit rather than wear glasses, Costello asked him, " 'Is that what you want me to tell them upstairs' and he said, 'Yes' ". With this information the employer treated the claimant as having quit his job, and when he appeared a few days later with glasses, the employer refused to re-employ him.

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955). The above quoted evidence demonstrates that the board was not guilty of a capricious disregard of the competent evidence in finding that the claimant severed his employment without good cause.

Decision affirmed.