## Boles Unemployment Compensation Case.

Argued November 11, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Olga K. Boles,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., December 17, 1959:

The claimant in this unemployment compensation case was last employed by Bruce Molded Plastic Products, Inc., Pittsburgh, as a press operator on May 28, 1959.

The bureau, referee and board denied her compensation because, in the language of the board, she "was discharged for her failure to truthfully explain an accident that happened to her machine which caused considerable damage to a mold." The board further found that she "was given a second opportunity to explain truthfully the circumstances surrounding the damage to the machine and the mold, but refused to do so," and that she "admitted that she lied to her employer concerning her knowledge about the damage to the expensive machine."

Section 402 of the Unemployment Compensation Law of 1936, as amended, 43 PS §802, provides: "An employe shall be ineligible for compensation for any week— . . . (e) In which his employment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, . . ."

The compensation authorities found as a fact that the claimant was discharged for willful misconduct

connected with her work. See *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958). The board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of competent evidence. See *Standish Unemployment Compensation Case,* 189 Pa. Superior Ct. 471, 151 A. 2d 842 (1959).

Decision affirmed.