Brown Unemployment Compensation Case.

Argued November 17, 1960.  Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Donald E. Rogers,* with him *C. Bryson Schreiner,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., December 14, 1960:

Charlene H. Brown was last employed by the Rosenbaum Company, Pittsburgh, Pennsylvania, as a general office clerk, at $58.75 per week. Her final day of work was February 12, 1960, on which date she had a valid separation because of the liquidation of the employer company. On March 18, 1960, Mrs. Brown refused a referral to employment as a general office clerk with the Shell Oil Company, Mt. Lebanon Boulevard, Pittsburgh, Pennsylvania, at $250.00 per month. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had failed without good cause to accept suitable work, and was therefore disqualified under the provisions of Section 402(a) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. [1937] 2897, 43 P.S. 751 et seq. This appeal followed.

At appellant's interview before a representative of the Bureau, the only reason alleged for refusing to accept the referral was inconvenient transportation. "I prefer a job closer to home". In her petition for appeal from the Bureau's determination, appellant also alleged that the wage offered was inadequate because of "double transportation cost", and that her previous position required "very little typing". Appellant had

completed a high school commercial course, and had typing experience. The Referee, affirmed by the Board, found in effect that the proffered employment was suitable work, that it was located within reasonable distance of appellant's residence, and that adequate public transportation was available.

In unemployment compensation cases, where the decision of the Board is against the party having the burden of proof, the question before the appellate court is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence: *Busfield Unemployment Compensation Case,* 191 Pa. Superior Ct. 43, 155 A. 2d 436. Our review of this record discloses no inconsistency or capricious disregard of competent evidence. Appellant's refusal to accept the referral without testing the available transportation and giving the proffered employment a trial is not commensurate with the dictates of good faith. Cf. *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260. As we recently said in *Sparano Unemployment Compensation Case,* 193 Pa. Superior Ct. 349, 165 A. 2d 131: "Although the principal objective of unemployment legislation is to alleviate economic distress in individual cases, sound policy requires that a claimant who refuses employment may remain eligible for benefits only where there is some necessitous and compelling reason for the refusal of work . . . A claimant who seeks benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing offered work . . . Under the circumstances in the instant case, we are clearly of the opinion that the Board properly ruled that appellant was disqualified under Section 402(a) of the statute".

Decision affirmed.