## Pawl Unemployment Compensation Case.

Argued December 13, 1960. Before RHODES, P. J.,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and
MONTGOMERY, JJ.

*Elva F. Pawl,* appellant, in propria persona, sub-
mitted a brief.

*Sydney Reuben,* Assistant Attorney General, with
him *Anne X. Alpern,* Attorney General, for Unemploy-
ment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., March 22, 1961:

Mrs. Elva F. Pawl was last employed by the Koelle-
Greenwood Company, 161 West Chelten Avenue, Phil-
adelphia, Pennsylvania, as an office clerk at $55.00
per week. Her final day of work was January 6, 1960,
on which date she had a valid separation from her em-
ployment. On May 24, 1960, Mrs. Pawl refused a re-
ferral to a position as a general office clerk with Bar-
gain City, 9th and Market Streets, Philadelphia, Penn-
sylvania, at $50.00 per week. This comprised a work
week of forty hours, including three evenings. Mrs.

Pawl's application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had failed without good cause to accept suitable work and was therefore disqualified under the provisions of Section 402(a) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. [1937] 2897, 43 P.S. 751 et seq. This appeal followed.

At appellant's interview before a representative of the Bureau, her reasons for refusing to accept the referral were as follows: "Do not want to work at night near undesirable neighborhood—low salary—job calls for some cashiering—I am poor at figure work". The compensation authorities found upon competent evidence that the job at Bargain City was suitable work, that it was well within appellant's capabilities, that it paid the prevailing rate for similar employment in the local labor market area, and that claimant did not have good cause to refuse the referral.

As we reiterated in *Brown Unemployment Compensation Case,* 194 Pa. Superior Ct. 76, 166 A. 2d 100, where the decision of the Board is against the party having the burden of proof, the question before the appellate court is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Our review of this record discloses no inconsistency or capricious disregard of competent evidence. Appellant's refusal to accept the referral without giving the proffered employment a trial is not commensurate with the dictates of good faith. Our conclusion is that the Board did not err in disqualifying appellant under Section 402(a) of the statute.

Decision affirmed.