Robert C. Zysk, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 7, 1974, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Charles A. Bierbach,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 22, 1974:

Robert C. Zysk was separated from his employment as a clerk for the Naval Supply Depot at Mechanicsburg, Pennsylvania, and was thereafter eligible to receive unemployment compensation benefits. While in this status, the Employment Service of the Bureau of Employment Security referred Mr. Zysk to Central Storage Transfer Company for a position as shipping clerk at a salary more than $30 per week in excess of the salary he had been receiving in his former employment. Mr. Zysk refused this referral on the ground that he had no transportation to the suggested place of employment. He did not visit the new employer and the record discloses no attempt on his part to ascertain whether arrangements could be made for travel between his then residence in Mechanicsburg and Central Storage in Harrisburg.

The Bureau of Employment Security proved that there was public transportation by bus from Mechanicsburg to downtown Harrisburg and from the latter place to a point within two miles of Central Storage on a regular basis, and to a closer place during the summer. Further, at the time of the first hearing before the referee of the Unemployment Compensation Board of Review Mr. Zysk was living in Harrisburg, from which he later returned to Mechanicsburg.

The Bureau determined that Mr. Zysk's actions with reference to the referral rendered him ineligible for compensation under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. [1937] 2897, 43 P.S. §802(a), which is as follows:

"An employe shall be ineligible for compensation for any week—

"(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to

him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That such employer notifies the employment office of such offer within three (3) days after the making thereof."

The hearing referee agreed with the Bureau as to the Section 402(a) issue and additionally Mr. Zysk's conception of where he should be asked to accept employment rendered him unavailable for suitable work, availability being a prerequisite to eligibility by Section 401(d) of the Law, 43 P.S. §801(d). In view of our decision with respect to Section 402(a), we are not required to pursue the latter issue.

On appeal, the Unemployment Compensation Board of Review affirmed and Mr. Zysk has appealed. We affirm the Board.

The claimant contends that the record does not support the compensation authorities' conclusion that Mr. Zysk did not in good faith pursue the Central Storage referral.

The applicable law relating to transportation as a ground for declining a referral is set forth by Judge WRIGHT in *Brown Unemployment Compensation Case,* 194 Pa. Superior Ct. 76, 78, 166 A. 2d 100 (1960): "In unemployment compensation cases, where the decision of the Board is against the party having the burden of proof, the question before the appellate court is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence: Busfield Unemployment Compensation Case, 191 Pa. Superior Ct. 43, 155 A. 2d 436. Our review of this record discloses no inconsistency or capricious disregard of competent evidence. Appellant's refusal to accept the referral without testing the available transportation and giving the proffered employment a trial is not commensurate with the dictates of

good faith. *Cf.* Brilhart Unemployment Compensation Case, 159 Pa. Superior Ct. 567, 49 A. 2d 260. As we recently said in Sparano Unemployment Compensation Case, 193 Pa. Superior Ct. 349, 165 A. 2d 131: 'Although the principal objective of unemployment legislation is to alleviate economic distress in individual cases, sound policy requires that a claimant who refuses employment may remain eligible for benefits only where there is some necessitous and compelling reason for the refusal of work. . . . A claimant who seeks benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing offered work. . . . Under the circumstances in the instant case, we are clearly of the opinion that the Board properly ruled that appellant was disqualified under Section 402(a) of the statute.' "

Clearly, Mr. Zysk refused to accept the referral to Central Storage without testing the available transportation or giving the proffered employment a trial.

### Order

And Now, this 22nd day of March, 1974, it is ordered that the instant appeal be and it is hereby dismissed.