Margaret Rosenberger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 10, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in this decision. See Pa.R.A.P. 3102(d).

*William D. Hutchinson,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 18, 1977:

Margaret Rosenberger (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny her unemployment compensation. Compensation was denied because the referee found that the claimant had refused a job referral from the Bureau of Employment Security (Bureau) without good cause, grounds for ineligibility under Section 402(a) of the Unemployment Compensation Law[1] (Act).

The claimant had worked as a retail clerk for the W. T. Grant Company for a period of eight years, and was laid off due to lack of work in November, 1974, when she applied for full unemployment compensation. On November 12, 1974, she registered with the Bureau's Employment Service and spoke with an employment interviewer, who told her that work as a sales clerk might be available at a local department store but that he would first have to speak to an individual in the store's personnel office. The interviewer called the claimant later that day and informed her that the department store's personnel office was interested in speaking to her and that the store had an opening in the same position that the claimant had held with her former employer. The claimant, however, did not report to the store for the interview as requested, and the Bureau subsequently issued a determination disqualifying her from receiving benefits, pursuant to Section 402(a). The Bureau's adjudication was af-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(a).

firmed by both the referee and by the Board, and this appeal followed.

In unemployment compensation appeals, our scope of review is confined to questions of law and to a determination of whether or not the findings of the compensation authorities are supported by substantial evidence. *Unemployment Compensation Board of Review v. Lowell,* 24 Pa. Commonwealth Ct. 309, 355 A.2d 616 (1976). Section 402(a) provides in pertinent part:

> An employe shall be ineligible for compensation for any week —
>
> (a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer . . . .

The claimant argues first that she cannot be permanently denied benefits under Section 402(a) where there is no evidence in the record showing that the interview would have resulted in permanent employment. In effect, the claimant argues here that her disqualification should be only temporary. We disagree. The section clearly renders ineligible any person who, without good cause, refuses either to apply for or accept suitable work, and the record indicates here that the job which the claimant refused to apply for was identical to the one she formerly held and that it was considered a permanent one. We believe that this is sufficient evidence to justify the permanent denial of benefits under Section 402(a).

The claimant also argues that she had "good cause" for failing to attend the job interview, because her son was sick and she had to remain home to care for him. The words "good cause" found in Section 402(a), however, have been interpreted to be synony-

mous with "good faith," *MacDonald v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 494, 498, 333 A.2d 199, 200 (1975), and a "good faith" concept includes not only freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting. *Koscur Unemployment Compensation Case*, 196 Pa. Superior Ct. 548, 550, 176 A.2d 164, 165 (1961). The Board concluded here that the claimant had shown bad faith in failing to make a reasonable attempt to attend the interview and to secure the job. While it is true that we have held in *Trexler v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 180, 188, 365 A.2d 1341, 1346 (1976) that a mother's obligation to care for her child can be "good cause" to refuse suitable employment under Section 402(a), we believe there is sufficient evidence in the record to support the Board's conclusion here that "good cause" was lacking in this particular case. The employment interviewer testified that, when he called the claimant and informed her of the job interview, she stated that she did not wish to take another job in retailing. After missing the interview and receiving an advance notice from the Bureau that her benefits could be terminated as a result, the claimant stated in an interview with a Bureau representative that she missed the interview not only because of her son's sickness but also because she did not wish to go into retailing anymore. In an unemployment compensation case, questions concerning the credibility of the witnesses and the weight to be accorded the evidence are left to the Board. *Rice v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 592, 338 A.2d 792 (1975), and the Board here, after reviewing all of the evidence, found that the claimant failed to appear at the interview without good cause. It apparently did not find the

claimant's testimony concerning her son's sickness to be credible and chose to believe instead that the reason she missed the interview was because she did not want another job in retailing, and, because there is evidence in the record to support the Board's finding, it is binding on this Court.

The claimant argues finally that she was denied due process of law, contending first that she did not receive adequate notice of the Bureau's determination of ineligibility. The record indicates, however, that she received several notices from the Bureau, both written and verbal, that her failure to attend the job interview could result in the termination of her benefits. The claimant points to a form sent to her by the Bureau entitled "Notice of determination" which indicated that her benefits had been terminated because of her refusal to accept a job referral but which erroneously indicated that this was a violation of Section 401(d) of the Act rather than Section 401(a). The claimant argues that the defect in the notice of determination interfered with her right to a fair hearing. We disagree. Although we do not condone errors of this kind in notices of actions by administrative agencies, a careful examination of the record leads us to conclude that the claimant suffered no injury as a result of any technical defect in the notice she received. The notice, although citing the wrong section of law, clearly indicated which actions of the claimant resulted in her disqualification. Moreover, this notice followed both written and verbal notices previously given as to the probable consequences of the claimant's action and the record of the referee's hearing clearly indicates that the claimant understood the reason why her benefits had been terminated.

The claimant argues finally that she was not permitted a fair opportunity to present her evidence at

the hearing, but this argument is not supported by the record. She testified at the hearing and explained her reasons for refusing the job referral. The referee ended the hearing only after the claimant's assurance that she had no further evidence to offer. There is no evidence that the referee acted in any way to hinder her presentation of any evidence she wanted to offer.

The order of the Board is therefore affirmed.

Judge KRAMER did not participate in the decision in this case. See Pa. R.A.P. 3102(d).

ORDER

AND Now, this 18th day of August, 1977, the order of the Unemployment Compensation Board of Review, dated July 8, 1976 and numbered B-132424, is hereby affirmed.