Dale Morrison, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Emily J. Leader*, with her *Salli A. Swartz*, for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., November 7, 1979:

This is the appeal of Dale Morrison from a decision of the Unemployment Compensation Board of Review affirming the referee's denial of benefits pursuant to Section 402(a) of the Unemployment Compensation Law.[1]

Morrison was discharged on August 8, 1977, after five and one-half years of janitorial service. On January 23, 1978, he refused a night shift referral from the Office of Employment Security[2] because no transportation for night work was available. Morrison neither reported to the referred contact nor inquired into whether suitable transportation arrangements could be made until later that day, but by that time the job had been filled.

Mr. Morrison argues that since he lives in a rural area not serviced by public transportation nine miles northwest of Carlisle, he was without work for these five months although responding to several night referrals in that area. Morrison offers as justification

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, *without good cause,* either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer. . . . (Emphasis added.)

[2] Pursuant to a recent reorganization, the Bureau of Employment Security has been renamed the Office of Employment Security. *See* 9 Pa. B. 2879 (1979).

past difficulties in contending that he may not be declared ineligible for that reason. We do not agree.[3]

The law relating to the inconvenience of transportation as a ground for refusal of suitable work is well settled. Where a claimant refuses a referral without first testing the available transportation and without giving the proffered employment a trial, he cannot be said to have acted in good faith. *Zysk v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 409, 411-12, 316 A.2d 663, 665 (1974). *Zysk* tells us that the principal objective of employment legislation is the alleviation of economic distress in individual cases, and "that a claimant who refuses employment may remain eligible for benefits only where there is some necessitous and compelling reason for the refusal of work. A claimant who seeks benefits must at all times be ready and willing to accept suitable employment and must have substantial and reasonable grounds for refusing offered work." *Zysk, supra,* 12 Pa. Commonwealth Ct. at 412, 316 A.2d at 665, *quoting Sporano Unemployment Compensation Case,* 193 Superior Ct. 349, 165 A.2d 131 (1960).

Morrison's legal citations are not persuasive. They refer to a claimant who fails to avail himself of available transportation. His continuing complaint of transportation problems cannot be the source of permanent unemployment benefits. His failure to accept the referral card and discuss the commuting problem with his potential employer indicates to us that Morrison was not in "good faith" seeking gainful employment.

---

[3] We have repeatedly held that the findings of the referee or Board of Review are conclusive in unemployment compensation cases when they are supported by substantial evidence and absent fraud. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974). The record and conclusive findings of fact are fully supported by the evidence.

214 

Accordingly, we

AND Now, this 7th day of November, 1979, it is ordered that the appeal of Dale Morrison be dismissed, and the decision of the Unemployment Compensation Board of Review denying benefits is affirmed.