Pamela Kirk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*David L. Hill,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 7, 1980:

The Pennsylvania Unemployment Compensation Board of Review denied benefits to Pamela Kirk (Claimant) finding that she failed to accept suitable work without good cause pursuant to Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a). After considering her appeal, we affirm.

On January 29, 1979, Kirk was referred by the Bureau, now Office, of Employment Security to a job as clerk typist with the Ward Candy and/or Ward Chocolate Company. She accepted the referral, but failed to report for the scheduled interview. Claimant's excuse is that she became lost, but made repeated attempts by telephone and local queries to locate the company. She did not contact Ward for either directions or alternative interview arrangements, but did call the employ-

ment office later that day to explain her predicament.

We are asked here to determine only whether claimant demonstrated "good cause" for failing to pursue a referral to suitable employment.

We have often prescribed the necessary standards for evaluating good cause. A claimant seeking benefits must at all times be ready, willing and able to accept suitable work, and have substantive and reasonable grounds for failing to accept or effectively pursue proffered employment. *Morrison v. Unemployment Compensattion Board of Review*, 47 Pa. Commonwealth Ct. 211, 407 A.2d 486 (1979); *Gasper v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 466, 399 A.2d 1144 (1979). *See also Wolford v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 43, 384 A.2d 1035 (1978). Although this burden clearly rests upon the claimant, *Veneski v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 154, 370 A.2d 382 (1977), the credibility of witnesses, weight of their testimony, and the reasonable inference drawn therefrom is for the Board. *Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 192, 305 A.2d 782, 784 (1973).

The Board made three pertinent findings: (1) Kirk accepted a referral to employment; (2) she did not report for the scheduled interview because she was unable to locate the company; and (3) she did not seek directional guidance from the prospective employer. These findings are fully supported by the record and therefore binding upon this Court absent fraud or mistakes of law. *Morrison v. Unemployment Compensation Board of Review, supra,* at 213 n. 3, 407 A.2d at 487 n. 3.

Kirk now charges that the Board erroneously failed to rely on the instruction of *Ennis v. Unemployment Compensation Board of Review*, 18 Pa. Common-

wealth Ct. 344, 336 A.2d 438 (1975), where we reversed the denial of benefits. Ennis did not report for his interview because of an automobile breakdown. While there was some evidence of bad faith in his failure to contact the prospective employer concerning reasons for missing the interview, Ennis demonstrated good cause and a general desire to be employed. We find no merit in Kirk's circumstantial analogy to *Ennis*.

However, we do find persuasive our decisional holding in *Kanouse v. Unemployment Compensation Board of Review, supra.* In a similar scenerio, benefits were denied when claimant accepted a job referral, could not find the prospective employer's location, asked several pedestrians for directions, which were conflicting and confusing, then gave up the search. Though the Board also found that Kanouse believed the job neither suited his skills nor provided adequate compensation, we concluded that his futile search efforts were insufficient to carry his burden under the circumstances.

After careful review, we are satisfied that the Board's denial of benefits must stand.

Accordingly, we

ORDER

AND Now, this 7th day of July, 1980, the order of the Unemployment Compensation Board of Review, dated April 25, 1979, denying benefits to Pamela Kirk, is affirmed.