Samuel Brullo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 6, 1981, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, June 12, 1981.

Samuel Brullo (Claimant) appeals here from an order of the Unemployment Compensation Board of

Review (Board) which affirmed a referee's denial of benefits pursuant to Sections 402(a) and 401(d) of the Unemployment Compensation Law (Law)[1]. We affirm.

On June 21, 1979, Claimant was laid off his job at American Fidelity Home Remodeling, where he was employed as a carpenter. Thereafter, Claimant applied for and began to receive unemployment compensation benefits. On September 17, 1979, the Bureau, now Office, of Employment Security (Bureau) offered Claimant a referral to possible employment with Enzo Iannucci as an $8 per hour carpenter. Claimant refused to accept this referral stating (1) that he needed an automobile to carry his tools, (2) that his automobile was not operating, and (3) that he did not have enough money to repair his car. The Bureau subsequently concluded that Claimant had refused a referral to possible employment without good cause, and that he was therefore disqualified from receiving benefits by Section 402(a) of the Law. On appeal, the referee affirmed and modified the Bureau's determination by concluding that Claimant was also disqualified from receiving benefits by Section 401(d) of the Law. The Board subsequently affirmed, and the present appeal followed.

Before this Court, Claimant first alleges that there is not sufficient evidence in the record to support the Board's finding that a referral was made by the Bureau. We disagree.

At the referee's hearing Claimant testified (1) that he was informed by a Bureau representative of the possibility of employment with Iannucci and (2) that he declined this offer because of transportation difficulties. A summary of interview form, signed by

---

[1] Act of December 5, 1936, P.L. (1937) 2897, Second Ex. Sess., as amended, 43 P.S. §802(a), 801(d).

Claimant, was also introduced into evidence at the referee's hearing. On this form, Claimant detailed the terms of the Bureau's referral and his reasons for not accepting it.

"The scope of review of this Court when the findings of the Board are questioned is limited to a determination of whether those findings are supported by substantial evidence." *Criswell v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 444, 446, 393 A.2d 1071, 1072 (1978). We believe that Claimant's own testimony, noted above, was sufficient to support the Board's findings that a referral was made.

Claimant also alleges in his brief that the Board erred as a matter of law by concluding that his transportation difficulties did not constitute a "good cause" for refusing the referral.

The legal issue in the present case is identical to, and hence is controlled by, our decision in *Morrison v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 211, 407 A.2d 486 (1979). In *Morrison,* the claimant refused to accept a job referral, and made no initial effort to contact the employer, because of a lack of public transportation in the rural area in which he resided. In affirming the Board's denial of benefits, we stated:

> The law relating to the inconvenience of transportation as a ground for refusal of suitable work is well settled. Where a claimant refuses a referral without first testing the available transportation and without giving the proffered employment a trial, he cannot be said to have acted in good faith. . . . His [claimant's] continuing complaint of transportation problems cannot be the source of permanent unemployment benefits. His [claimant's] failure to accept the referral card and discuss the com-

muting problem with his potential employer indicates to us that Morrision [claimant] was not in 'good faith' seeking gainful employment. (Citations omitted.)

*Id.* at 213, 407 A.2d at 487.

In the present case, the record shows that Claimant refused the Bureau's job referral without making any *initial* effort to contact his potential employer to discuss possible transportation arrangements. This failure to at least attempt to overcome short-term transportation difficulties compels us to conclude that Claimant was not in "good faith" seeking employment.[2]

Accordingly, we enter the following

### ORDER

AND Now, June 12, 1981, the order of the Unemployment Compensation Board of Review, dated January 11, 1980, Decision No. B-179662, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.

---

[2] In light of our conclusion that Claimant was disqualified from receiving benefits by Section 402(a) of the Law, we need not address Claimant's arguments concerning Section 401(d) of the Law.