Irvin Holmes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Thomas F. Meister,* with him *Howard D. Miskey,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, June 17, 1981:

Petitioner-employe appeals an order of the Unemployment Compensation Board of Review (Board) which on reconsideration affirmed a referee's decision denying additional benefits to Petitioner. We affirm the Board's order.

On April 26, 1979, Petitioner was referred by the Bureau, now Office, of Employment Security (Bureau) to a potential employer. Because Petitioner lacked transportation, Petitioner arranged a job interview for the following morning. On the morning of the scheduled interview Petitioner presented himself at the employer's office, but the employer was not there. Petitioner did not again try to contact the employer until informed by the Bureau on May 10, 1979, that the employer remained interested. Responding to the Bureau's information, Petitioner placed one telephone call to the employer's office, but the employer was absent. Petitioner did not further attempt to contact the employer.

As a claimant, Petitioner bore the burden of proving eligibility for benefits. *Hughes v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 448, 414 A.2d 757 (1980). Since Petitioner did not prevail before the Board, we must determine on appeal "whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence." *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 305, 426 A.2d 719, 721 (1981).

In this appeal Petitioner does not question the Board's findings of fact. Nor does our review of the

record indicate that any competent evidence has been ignored. Rather, the controversy concerns whether Petitioner made a good faith effort to pursue the job referral and thereby secure employment.

Petitioner contests the Board's conclusion that Petitioner's "conduct is not consistent with a genuine desire to find employment and cannot be held to be consistent with the good faith requirements of Section 402(a) [of the Unemployment Compensation Law (Law)]."[1] Section 402(a) of the Law states that "[a]n employe shall be ineligible for compensation for any week [i]n which his unemployment is due to failure, without good cause . . . to apply for suitable work. . . ."

"The words 'good cause' found in Section 402(a) . . . have been interpreted to be synonymous with 'good faith' . . . and a 'good faith' concept includes . . . positive conduct which is consistent with a genuine desire to work and to be self-supporting." *Rosenberger v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 455, 458-59, 376 A.2d 1018, 1020 (1977) (citation omitted). Here, each of Petitioner's two attempts to contact the employer was prompted by action on the part of the Bureau. Petitioner never made any self-initiated efforts to reach the employer either by telephone or in person.

Under the circumstances of this case where Petitioner was not prevented from contacting the employer by any misfortune[2] or insurmountable obstacle,[3] we

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a).

[2] *See Ennis v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 344, 336 A.2d 438 (1975) where a claimant's car was disabled en route to an interview.

[3] *See Brink v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 168, 392 A.2d 338 (1978) and *Trexler v. Unemployment Compensation Board of Review*, 27 Pa. Common-

hold that Petitioner lacked "substantive and reasonable grounds for failing to . . . effectively pursue proffered employment" and is therefore ineligible for benefits. *Kirk v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 552, 554, 415 A.2d 1284, 1285 (1980).

Accordingly, we will enter the following

ORDER

AND Now, June 17, 1981, the order of the Unemployment Compensation Board of Review, dated November 5, 1979, Decision No. B-175521-B, is hereby affirmed.

---

wealth Ct. 180, 365 A.2d 1341 (1976) where a claimant's child-care duties impaired claimant's ability to accept suitable employment. *See also Morrison v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 211, 407 A.2d 486 (1979) where a claimant refused employment because of the difficulty in obtaining transportation to the job site.