## Barry J. Werner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Anthony C. Santore,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Williams, Jr., September 1, 1982:

Barry J. Werner (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) denying him benefits for the weeks ending May 30, 1981 and June 6, 1981. The Board determined that the claimant had, without "good cause", failed to pursue a referral to suitable employment. On that basis, the Board concluded that Section 402(a) of the Unemployment Compensation Law (Law)[1] rendered the claimant ineligible for benefits for the weeks in question.

On April 5, 1981, the claimant applied for unemployment compensation, after being separated from his previous employment for non-disqualifying reasons. On May 15, 1981, the Office of Employment Security (Office) referred him to a suitable job opening, and directed him to report to the prospective employer on Monday, May 18, 1981. However, the claimant did not keep that appointment; nor did he attempt to contract the prospective employer to arrange a new meeting.

The claimant did not keep the May 18 appointment because, on that date, he learned that a warrant for his arrest had been issued. Being anxious about the possibility of incarceration, the claimant devoted his efforts to obtaining legal representation and arranging for the posting of bail. By May 21, 1981 the claimant had completed his legal arrangements. But it was not until that date that he informed the Office of his failure to pursue the job referral and the reasons for the failure. By May 21, the once-prospective employer had given the job to another person.

On June 9, 1981, the Office determined that, by the terms of Section 402(a) of the Law, the claimant had

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(a).

disqualified himself from receiving benefits for the weeks in question. When that determination was affirmed, first by a referee and then by the Board, the appeal to this Court followed.[2]

Section 402 of the Law, in part here pertinent, reads as follows:

> An employe shall be ineligible for compensation for any week—
>
> (a) In which his unemployment is due to failure, *without good cause,* . . . to apply for suitable work at such time and in such manner as the department may prescribe. . . . (Emphasis added.)

We have held that a failure, without "good cause," to pursue a referral of suitable employment will, by force of Section 402(a), render a claimant ineligible for benefits. *Daley v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 629, 426 A.2d 1299 (1981); *Rosenberger v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 455, 376 A.2d 1018 (1977). "Good cause" has been interpreted to be synonymous with the concept of "good faith," which includes positive conduct that is consistent with a genuine desire to be employed. *Id.* In cases such as the one at bar, the claimant has the burden of proving that he had "good cause" for not pursuing the job referral. *Kirk v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 552, 415 A.2d 1284 (1980).

In this case, the claimant argues that the situation created by the arrest warrant constituted "good

---

[2] The claimant had received $98.00 in benefits for one of the claim weeks in question. The Office of Employment Security ruled that the $98.00 represented a nonfault overpayment; and, the affirmances by the referee and the Board also upheld that determination. The ruling that the sum was an overpayment was based on the conclusion that it was paid for a period of ineligibility.

cause'' for his not meeting with the prospective employer on May 18, 1981. Although we understand the claimant's need to make arrangements for the resolution of his legal difficulties, there is nothing to show that his efforts to make those arrangements precluded him from meeting with, or at least contacting, the prospective employer. It is not unusual for a person to keep more than one appointment in a single day.

It is our conclusion that the claimant's conduct, with respect to the job referral, did not evince the "good faith" that was required to preserve his eligibility for unemployment compensation. Therefore, we affirm the Board's order denying benefits.

ORDER

AND Now, the 1st day of September, 1982, the order of the Unemployment Compensation Board of Review at Decision No. B-198733 is affirmed.