Regina Raffaele, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 28, 1983, to Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Eileen D. Yacknin,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 8, 1983:

Regina Raffaele (claimant) has appealed from a decision of the Unemployment Compensation Board of Review (Board) denying her unemployment benefits. The Board concluded that the claimant had, without "good cause," refused to pursue a referral of suitable employment; and that, hence, Section 402(a) of the Unemployment Compensation Law (Law)[1] disqualified her from receiving benefits.

From September of 1958 until June 30, 1980, the claimant had been employed as a secretary by the Eichleay Corporation in Pittsburgh. On June 30, 1980, she was permanently separated from her employment, but under circumstances that entitled her to unemployment benefits. At the time of the claimant's separation, she was earning $850 a month.

On January 22, 1981, while the claimant was at the Office of Employment Security (OES), she was referred by OES to a potential job as a clerk-typist with Pittsburgh Catholic Education. The potential job would pay $175 a week; but, the job was temporary, and would last only through September of 1981. An attempt was made to have Pittsburgh Catholic Educa-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

tion interview the claimant on January 22, 1981; but the referral employer could not hold an interview on that date. An interview was scheduled for January 26th; however, on that date, the claimant called the referral employer and advised that she would not be reporting for the interview.

Claimant explained to the compensation authorities that she refused to attend the job interview because the referral employer was offering only a temporary job, whereas she was seeking permanent employment. The claimant made no contention that either the type of work or the pay offered by the referral employer was unsuitable. The OES, a referee, and the Board determined that the claimant's reason for not attending the job interview did not constitute "good cause"; and that under Section 402(a) of the Law she had disqualified herself from receiving benefits. We agree.

It has been held in a long line of appellate cases that a claimant's failure, without "good cause," to pursue a referral of suitable employment will, by force of Section 402(a) of the Law, render the claimant ineligible for benefits. *E.g.*, *Werner v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 545, 449 A.2d 848 (1982); *Rosenberger v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 455, 376 A.2d 1018 (1977); *Bradley Unemployment Compensation Case*, 198 Pa. Superior Ct. 356, 181 A.2d 894 (1962). In a case such as the one at bar, the claimant has the burden of proving "good cause" for not pursuing a referral of suitable employment. *Werner*. The fact that a job is temporary does not constitute "good cause." *Conti v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 210, 420 A.2d 778 (1980); *Toporovich Unemployment Compensation Case*, 179 Pa. Superior Ct. 36, 116 A.2d 78 (1955).

The claimant asserted below that she was not aware of her obligation to pursue a referral of temporary employment. In that regard, we need only point out that the claimant acknowledged receiving from the compensation authorities an information pamphlet explaining her responsibilities.

By force of 34 Pa. Code §65.62(b), a claimant who has been declared ineligible because of a refusal of temporary or casual employment shall remain ineligible for the period of time that such work would have been furnished. The claimant, however, argues that her disqualification cannot be extended beyond the compensation week in which she refused to attend the job interview, unless the facts show that her continuing unemployment was "due to" the refusal. That argument is inconsistent with the body of decisional law concerning the consequences of not pursuing a referral of suitable employment. Moreover, to accept such an argument would weaken sound policy rules concerning the obligations of a person who is drawing unemployment benefits.

For the reasons set forth in this opinion, we affirm the Board's order.

ORDER

AND NOW, this 8th day of September, 1983, the order of the Unemployment Compensation Board of Review at Decision No. B-197242 is affirmed.