NANCY EVANCHO *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Middlesex. April 5, 1978. — May 17, 1978.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Employment Security,* Eligibility for benefits, Review.

Evidence in a proceeding on the plaintiff's claim for unemployment benefits that she had contacted as many as thirty firms seeking employment but had filed an application for employment at only five supported a finding by the Division of Employment Security that she had made only a token effort to find employment and, therefore, had not satisfied the requirement of G. L. c. 151A, § 24 (*b*), that she be unable to obtain suitable work. [281-284]

CIVIL ACTION commenced in the Second District Court of Eastern Middlesex on March 23, 1977.

The case was heard by *Hassett,* J.

*John B. Shorton* for the plaintiff.

*Frank J. Scharaffa,* Assistant Attorney General, for the defendant.

LIACOS, J.   The plaintiff was discharged from her position as assistant marketing manager at an insurance agency on or about May 17, 1976. A few days later she filed a claim for unemployment benefits with the Division of Employment Security (division). On June 6, 1976, she was engaged as a real estate salesperson by a realty company, where she worked about fifteen to twenty hours a week on a commission basis. She made no sales, and thus received no commissions.

The plaintiff's claim for unemployment benefits was denied by the division.[1] The decision to deny benefits was upheld after hearing by a review examiner of the determinations and hearings department of the division and by a review examiner of the board of review of the division. The plaintiff was represented by counsel at the hearings and at subsequent proceedings. The plaintiff's request for further review by the full board of review was denied, and the decision of the review examiner became the final decision of the board. She then instituted a timely petition for review in the Second District Court of Eastern Middlesex, pursuant to G. L. c. 151A, § 42. On June 21, 1977, a judge of that court, after hearing, affirmed the decision to deny benefits. The plaintiff appealed directly to this court. *Id.*

General Laws c. 151A, § 29 (*a*), as amended through St. 1973, c. 899, §§ 3, 3A, provides that "[a]n individual in *total unemployment* and otherwise eligible for benefits . . . shall be paid for each week of unemployment [a certain amount]" (emphasis added). The decisions of the District Court judge and the review examiners to deny the plaintiff her benefits were based on the statutory definition of "total unemployment." Chapter 151A, § 1 (*r*) (2), as appearing in

---

[1] The plaintiff was informed that she was disqualified from receiving unemployment benefits for the week ending June 12, 1976, "and for an indefinite number of weeks thereafter; until you meet the requirements of the Law."

St. 1951, c. 763, § 1, defines the term as follows: "'total unemployment', an individual shall be deemed to be in total unemployment in any week in which he performs no wage-earning services whatever, and for which he receives no remuneration, and in which, though capable of and available for work, he is unable to obtain any suitable work." See also G. L. c. 151A, § 24 (*b*).[2] This statutory definition provided the judge and agency below with two distinct grounds on which to base their decisions. First, the agency found, and the judge affirmed, that the plaintiff performed "wage-earning services" at the realty company notwithstanding the fact that she received no commissions as a result of her work. Second, the agency found, and the judge affirmed, that the plaintiff had made only a "token effort to find employment with others," and thus could not be said to have satisfied the requirement of being unable to obtain suitable work.

We believe that the agency's finding with regard to the second ground, as affirmed by the District Court judge, is determinative of this case. The statutory definition has been interpreted as requiring the person seeking benefits to show that a reasonable good faith effort has been made to find new employment. *Corrado* v. *Director of Div. of Employment Security*, 325 Mass. 711, 713 (1950). More specifically, a determination that "six personal applications" in a period of about five months did not constitute a sufficient effort to obtain work, was upheld by this court, *Conley* v. *Director of the Div. of Employment Security*, 340 Mass. 315, 319 (1960). See also *Previte* v. *Director of the Div. of Employment Security*, 353 Mass. 773 (1968). With regard to the burden of proof, we have said: "Whether an unemployed person is unable to obtain work, or is otherwise eligible for benefits, is largely a question of fact, as to which the burden

---

[2] "An individual, in order to be eligible for benefits under this chapter, shall — . . . (*b*) Be capable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted . . . ." G. L. c. 151A, § 24, as amended through St. 1976, c. 473, § 8.

rests on the unemployed person to show that his continued unemployment is not due to his own lack of diligence." *Conley, supra,* and cases cited.

With regard to the standards of review applicable to findings and decisions of the board (or, as in this case, those of the review examiner as adopted by the board), c. 151A, § 42, specifies that the State Administrative Procedure Act, G. L. c. 30A, § 14 (7), controls. Thus, where the findings of the review examiner are "supported by substantial evidence with conclusions not based on any error of law," they will not be disturbed by a reviewing court. *Keough* v. *Director of the Div. of Employment Security,* 370 Mass. 1, 3-4 (1976).

In the instant case, the review examiner of the board of review noted that although the plaintiff maintained at the hearing that she had contacted as many as thirty firms seeking employment as an assistant marketing manager in insurance, "she could recall only five places where she had filed an application for employment." The plaintiff concedes that, in view of our prior decisions, the conclusion of the review examiner that her efforts were "token," based on the evidence adduced at the hearing, appears on its face to be correct. We agree. The plaintiff contends, however, that additional information was subsequently made available to the review examiner, and that such information was admissible evidence and should have been made part of the record. In fact, this additional information — a list of seventy-eight businesses at which the plaintiff stated she had sought employment — was not made part of the record before the judge, and was not submitted to the judge at the time of hearing. Cf. G. L. c. § 30A, § 14 (5), (6). A subsequent letter from the plaintiff advising the judge of the existence of the list was not timely and cannot be considered as evidence.

Moreover, we do not think that a substantial injustice has been suffered by the plaintiff due to the failure to make the list part of the record. The review examiner had been told by the plaintiff at a hearing that she had such a list at home.

The fact that the list was sent to the review examiner a few days after the hearing could not have made, and apparently did not make, a significant impact on the review examiner's appraisal of the evidence.

Having concluded that the board's determination regarding the plaintiff's attempts to obtain work was supported by substantial evidence and in accordance with law, we find no need to consider other arguments advanced by the plaintiff.[3] The judgment of the District Court judge affirming the decision of the board of review is therefore affirmed.

*So ordered.*

---

[3] The plaintiff argues, among other things, that c. 151A, § 6 (*p*), specifically exempts her from being in "employment," as that term is used in § 6. She reasons from this proposition that her employment as a real estate salesperson on commission has not removed her from the category of "total unemployment," as that term is used in § 1 (*r*) (2). Whatever the merits of this or other arguments, we do not understand the plaintiff to have maintained that she is somehow exempt from the requirement to seek work, as provided in § 1 (*r*) (2). See also § 24 (*b*).