HENRY V. RUSSO *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Middlesex. February 9, 1979. — March 29, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Employment Security,* Eligibility for benefits, Federal supplemental benefits.

Under the provisions of G. L. c. 151A, § 24, a claimant otherwise eligible for extended unemployment benefits was entitled to such benefits where his failure to make an active search for work during a two-week period was due to illness and medical appointments. [646-647]

Under the provisions of Pub. L. No. 95-19, § 104, a claimant was entitled to supplemental unemployment benefits where his failure to make an active search for work during a two-week period was due to illness and medical appointments. [647-649]

PETITION filed in the Second District Court of Eastern Middlesex on November 22, 1977.

The case was heard by *Hassett,* J.

*William H. Orrick (Charles H. Baron* with him) for the plaintiff.

*George J. Mahanna,* Assistant Attorney General (*William D. Luzier* with him) for the defendant.

BRAUCHER, J. The plaintiff has been denied extended benefits under the Federal-State Extended Unemployment Compensation Act of 1970, Pub. L. No. 91-373, 84 Stat. 695 (1970), implemented by G. L. c. 151A, § 30A, and

supplementary benefits under the Emergency Unemployment Compensation Act of 1974, Pub. L. No. 93-572, 88 Stat. 1869 (1974), as extended by Pub. L. No. 95-19, 91 Stat. 39 (1977). The ground of denial was his failure, due to illness and medical appointments, to make an active search for work during two weeks in August, 1977. We hold that the denial was in error, because under G. L. c. 151A, § 24, and Pub. L. No. 95-19, § 104, his failure was excused by his illness.

We summarize the facts found by the review examiner of the Division of Employment Security. The plaintiff was last employed in November, 1976. Following the exhaustion of regular unemployment benefits, he claimed extended benefits through the week ending August 13, 1977. On August 23, 1977, he filed a claim for supplemental benefits. During the weeks ending August 13 and August 20, he called a few employers, talked to friends about job prospects and visited one employer, but his job search efforts were severely restricted because he suffered from hypertension and severe headaches due to a sinus condition and made seven visits to veterans' clinics for treatment.

The review examiner concluded that the plaintiff "was unable to make an adequately active search for work" during the two weeks "because of illness and medical appointments." Consequently, he did not meet the requirements of G. L. c. 151A, § 24 (b), for extended benefits during the week ending August 13, and he was disqualified from supplemental benefits for the week ending August 20 and subsequent weeks. The board of review denied review, and a judge of the District Court affirmed the decision and reported the case to this court pursuant to G. L. c. 151A, § 42.

1. *Extended benefits.* Under G. L. c. 151A, § 30A (2) and (3), a claimant is eligible for extended benefits if he has exhausted regular benefits under G. L. c. 151A, § 30, but otherwise continues to satisfy the requirements for regular benefits. One of those requirements is that he be "ca-

pable of and available for work and unable to obtain work in his usual occupation or any other occupation for which he is reasonably fitted." G. L. c. 151A, § 24(*b*), as appearing in St. 1941, c. 685, § 1. The claimant has an obligation to make a good faith effort to find new employment. *Evancho* v. *Director of the Div. of Employment Security*, 375 Mass. 280, 282 (1978), and cases cited.

But failure to make an active search for work does not disqualify a claimant if he is certified as attending a vocational training course, or if his failure is "due to an illness or disability" which fits within statutory limitations.[1] The review examiner's findings bring the claimant squarely within those limitations. Apparently the illness exception was simply overlooked.

2. *Supplemental benefits.* In 1974 the Congress created a temporary program of supplementary benefits for persons who had exhausted regular and extended unemployment compensation benefits in times of severe national or regional unemployment. Pub. L. No. 93-572, 88 Stat. 1869 (1974) (the 1974 Act). The program was extended by Pub. L. No. 95-19, § 101, 91 Stat. 39 (1977) (the 1977 Act), and expired January 31, 1978. The 1977 Act added new eligibility requirements, inserting § 102(h) in the 1974 Act. Section 102(h)(1) denied supplemental benefits to an individual for a week in which he "(A) fails to accept any

---

[1] General Laws c. 151A, § 24, second and third paragraphs, as amended through St. 1968, c. 576, provides:

"An individual who is certified as attending an industrial retraining course or other vocational training course as provided under section thirty shall be deemed to be available for work under clause (*b*) of the first paragraph of this section.

"No individual shall be considered ineligible for benefits because of failure to comply with the provisions of said clause (*b*) if such failure is due to an illness or disability which occurs during a period of unemployment after he has filed a claim and registered for work, and has been determined to be otherwise eligible; provided, that no work which would have been considered suitable but for such illness or disability was offered to him after he became ill or disabled; provided further, that the exception granted under this paragraph shall apply to three weeks only within a benefit year."

offer of suitable work or to apply for any suitable work to which he was referred by the State agency, or (B) fails to actively engage in seeking work." The disqualification was extended to succeeding weeks by § 102(h)(2).

The present dispute related to § 102(h)(3): "Emergency compensation shall not be denied under paragraph (1) to any individual for any week by reason of a failure to accept an offer of, or apply for, suitable work — . . . (C) if such failure would not result in a denial of compensation under the provisions of the applicable State law to the extent that such provisions are not inconsistent with the provisions of paragraph (4)[2] . . . ."

The defendant Director urges us to follow an interpretive bulletin issued by the United States Department of Labor. Unemployment Insurance Program Letter No. 28-77, at 5-7 (April 15, 1977). That bulletin states that a failure to engage actively in seeking work under § 102(h)(1)(B) is excused if the claimant participates in an approved vocational training program, or if he does not seek work "for some compelling or uncontrollable reason not related to active search, . . . e.g., claimant had to drive to another State to attend to personal business." But, according to the bulletin, illness or disability is not such an excuse. A disability exception, the Director argues, is "transparently inconsistent" with the eligibility requirements of the 1977 Act.

Read literally, the exceptions in § 102(h)(3) apply only to disqualification under § 102(h)(1)(A) for failure to accept an offer of, or apply for, suitable work, and have no application to disqualification under § 102(h)(1)(B) for failure to engage in seeking work. But neither the De-

___

[2] Section 102(h)(4) defines "suitable work" and provides: "(B) An individual shall be treated as actively engaged in seeking work during any week if—

"(i) the individual has engaged in a systematic and sustained effort to obtain work during such week, and

"(ii) the individual provides tangible evidence to the State agency that he has engaged in such an effort during such week."

partment of Labor nor the Director adopts such a reading, perhaps because it might render meaningless the exception in § 102(h)(3)(C). We therefore do not pursue the point.

The only remaining question is what State excuses for failure to seek work are "not inconsistent" with the definition in § 102(h)(4)(B) (see note 2). The Department of Labor bulletin and the Director allow excuses for vocational training or for a compelling or uncontrollable reason, but not for illness or disability. We find no support for the distinction in the statute or in common sense. We give administrative interpretations a certain degree of weight, but they are not conclusive. *DeCordova & Dana Museum & Park* v. *Director of the Div. of Employment Security,* 370 Mass. 175, 180 (1976). See *Baker Transp., Inc.* v. *State Tax Comm'n,* 371 Mass. 872, 877 (1977). Since G. L. c. 151A, § 24, allows an excuse for illness, and since that excuse is no less consistent with § 102(h)(4) than other excuses approved by the bulletin, the plaintiff should have been awarded supplemental benefits.

*Decision of the*
*District Court reversed.*