GEORGE M. McDONOUGH vs. CONTRIBUTORY RETIREMENT
APPEAL BOARD.

Middlesex.  November 9, 1982. — December 10, 1982.

Present: GRANT, ROSE, & KASS, JJ.

*Retirement. Veteran. Interest. Public Employment,* Retirement.

General Laws c. 32, § 90G, did not override the express provisions of
c. 32, § 22(6)(c), which required that interest be credited annually to
the retirement account of a city employee, a veteran, who chose to
continue his city employment pursuant to § 90G, rather than to retire
upon reaching the age of seventy.  [15-18]

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 5, 1981.

The case was heard by *Sullivan,* J.

*George M. Matthews,* Assistant Attorney General, for the
defendant.

*Robert L. Burke* for the plaintiff.

ROSE, J.  This case is before this court pursuant to G. L.
c. 30A, § 15, for review of a judgment entered by the Supe-
rior Court pursuant to G. L. c. 30A, § 14, which set aside a
decision of the Contributory Retirement Appeal Board
(CRAB) and ordered CRAB to enter a decision requiring
that the Lowell retirement board add regular interest to the
plaintiff's retirement funds.  CRAB had previously upheld
a decision of the Lowell retirement board denying the accu-
mulation of interest on the plaintiff's retirement funds after
he reached the age of seventy.  The plaintiff, a veteran,
turned seventy years of age on July 31, 1978, and chose to
continue his service as an employee of the city of Lowell
pursuant to G. L. c. 32, § 90G, inserted by St. 1978, c. 557,
rather than to retire.  The plaintiff's retirement funds are
currently held in an account by the Lowell retirement system.

The defendant assigns as an error of law the trial judge's interpretation of G. L. c. 32, § 90G. It contends that under § 90G the plaintiff is not entitled to any benefits which are greater than those he would have received if he had retired at age seventy and, therefore, that he is not entitled to have interest credited to his account after he reaches the age of seventy. The plaintiff, relying upon G. L. c. 32, § 22(6)(c), contends that as a member in service he is entitled to have regular interest credited annually to his account. In order to resolve the controversy we must review the Superior Court's interpretation of G. L. c. 32. The construction of the statute is a matter of law and although the opinion of CRAB is entitled to some weight the courts cannot be bound by an erroneous statutory construction by an administrative body. See G. L. c. 30A, § 14(7); *Russo* v. *Director of the Div. of Employment Security*, 377 Mass. 645, 649 (1979); *Johnson* v. *Martignetti*, 374 Mass. 784, 790 (1978).

General Laws c. 32, § 22(6)(c), as appearing in St. 1945, c. 658, § 1, states in pertinent part that "[r]egular interest credited on or after January first, nineteen hundred and forty-six, shall be compounded annually on December thirty-first of each year, and subject to the provisions of paragraph (d) of this subdivision shall be allowed upon the balance outstanding in each member's account as of the immediately preceding December thirty-first." This section of c. 32 specifically addresses the addition of interest to the accounts of "members." There is no dispute that the plaintiff is a non-retired "member" of the Lowell retirement system. The provisions of paragraph (d) referred to in § 22(6)(c) do not apply in this case since they deal with members whose services have been terminated. Therefore, § 22(6)(c) mandates the yearly addition of interest to the plaintiff's account in the absence of any other overriding provision.

The defendant contends that G. L. c. 32, § 90G, contains such a provision. That section extends to certain employees who are veterans the option of remaining in service after the age of seventy, the normal mandatory retirement age. The plaintiff opted to remain an employee of the city of Lowell

pursuant to this provision. The section does not refer specifically to interest. However, the defendant cites the following language in § 90G to support its position that no interest should accrue on the funds in the plaintiff's account after he reached the age of seventy: ". . . upon retirement such member shall, to the extent eligible, receive a veteran's pension allowance equal to that to which he would have been entitled had he retired at age seventy." The defendant contends that if interest is added to an employee's account after the age of seventy, the employee's benefits will be greater than if he had retired at age seventy.

The language relied upon by the defendant, however, specifically refers to a "veteran's pension allowance." The amount of a veteran's pension allowance depends in part upon salaries earned by the veteran while a member in service and in part upon the total number of years of service. See G. L. c. 32, §§ 56-60. The amount of interest credited to a veteran's account is not a variable which is taken into consideration in determining the amount of a veteran's pension. The lower court correctly construed the statutory language relied upon by the defendant as providing that the pension received by a veteran who has reached the age of seventy and who is a member in service cannot be affected by any change in salary level after the age of seventy or increased by taking into consideration the number of years of employment beyond the age of seventy. This is in keeping with the sentence in § 90G relied upon by the defendant which states that "[n]o deductions shall be made from the regular compensation of each member under the provisions of this chapter for service after he has attained age seventy . . . ."

Furthermore, the interpretation given to § 90G by the lower court is consistent with the objectives of the Legislature. The section was enacted to preserve the special benefits of certain veterans who opt to work beyond the age of seventy. The language of § 90G specifically provides that "[n]othing in this section shall be construed to deny any veteran or his surviving spouse any benefit under any section of chapter thirty-two to which he would have been en-

titled had he retired at age seventy." Under G. L. c. 32, § 25(3)(a), on the date of their retirement certain veterans, including the plaintiff, are entitled to withdraw all of their accumulated deductions credited to their respective accounts in the annuity savings fund. General Laws c. 32, § 1, defines the accumulated regular deductions as the amount of regular deductions plus the amount of regular interest credited to a member's account. Under G. L. c. 32, § 22(6)(c), interest is to be credited annually to the plaintiff's account. These rights are specifically preserved by the above quoted portion of § 90G.

The defendant contends, however, that the fact that § 90G is silent on the matter of interest indicates a legislative intent not to include interest. The cases cited by the defendant are not persuasive. In *Gurley* v. *Commonwealth*, 363 Mass. 595 (1973), the court held that no interest was due on payments under G. L. c. 258A, where the statute was silent upon the question of interest. Similarly, in *Broadhurst* v. *Director of the Div. of Employment Security*, 373 Mass. 720, 725 (1977), the court pointed out that "General Laws c. 151A, in toto, and § 42 in particular, are silent as to the addition of interest . . ." in holding that no interest was due on an award under G. L. c. 151A. The case at hand presents a different question, however. There is a specific section requiring the addition of interest, and the issue is whether that section is overridden by § 90G.

The defendant also cites *General Elec. Co.* v. *Commonwealth*, 329 Mass. 661 (1953), in support of its contention that interest should not be paid here. That case is not persuasive. In the instant case, as opposed to the *General Elec.* case, there is no "except" clause to the express requirement of § 22(6)(c) that interest be added to the accounts of members in service. Moreover, § 90G does not refer specifically to any matter which could be construed as "similar" to the matter of interest. Cf. *General Elec.*, 329 Mass. at 664.

For the foregoing reasons, G. L. c. 32, § 90G, was correctly interpreted by the court below as not overriding the express provisions of G. L. c. 32, § 22(6)(c), which require that interest be credited annually to the plaintiff's account in the annuity savings fund.

*Judgment affirmed.*