KENNETH C. HAEFS *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Plymouth.  February 10, 1984. — May 10, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Employment Security,* Eligibility for Federal supplemental benefits.

The board of review of the Division of Employment Security erred in denying
supplemental unemployment benefits to a claimant who had been in-
structed to notify the Division in the event he was unable to keep a
scheduled appointment with a prospective employer and had failed to
do so, where the board did not take into account the claimant's efforts
to apply for the job. [806-807]

CIVIL ACTION commenced in the Brockton Division of the
District Court Department on February 2, 1983.

The case was heard by *Black, J.*

The case was submitted on briefs.

*Theodore J. Koban* for the employee.

*Francis X. Bellotti,* Attorney General, *& George J.
Mahanna,* Assistant Attorney General, for the Director of the
Division of Employment Security.

NOLAN, J.  The claimant, Kenneth C. Haefs, challenges a
decision of the board of review (board) of the Division of
Employment Security (division) disqualifying him from further
receipt of Federal supplemental unemployment benefits. The
decision was affirmed by a District Court judge and, pursuant
to G. L. c. 151A, § 42, the case came here for direct review
with a report from the District Court judge.

We summarize the facts found by the board. Haefs was em-
ployed as a cook in a restaurant from 1973 until January 31,
1982. Haefs applied for Federal supplemental benefits and had
been receiving these benefits for two weeks. However, subsequent
information placed his eligibility for these benefits in doubt.

On September 27, 1982, an employment interviewer of the division referred Haefs to the Lutheran Nursing Home in Brockton, for work as a cook's helper. An interview was scheduled with the prospective employer for 4 P.M. The employment interviewer instructed Haefs to notify the office in the event that he was unable to keep the scheduled appointment. Haefs did not arrive at the nursing home until 4:30 P.M., too late for the interview. He failed to notify the employment interviewer of his failure to be interviewed. The following day Haefs returned to the nursing home, but the prospective employer was not available. Again he failed to notify the employment interviewer. On September 29, Haefs telephoned the prospective employer, but he received the impression that the position was no longer available.

The review examiner denied Haefs any further supplemental benefits under G. L. c. 151A, § 30A, because Haefs had failed to apply for work as a cook's helper in the manner prescribed by the employment interviewer. The board denied Haefs's application for review thus making the decision of the review examiner the final decision of the board. G. L. c. 151A, § 41.

Haefs challenges the board's decision on numerous grounds. First he asserts that the board's finding that Haefs failed to apply for suitable work under G. L. c. 151A, § 30A (1) (*l*) (3) (*c*), is not supported by substantial evidence and is legally incorrect because it fails to take into account Haefs's good faith attempts to apply for the job. Alternatively, he argues that the board's requirement that a claimant apply for a referred job in the "manner prescribed by the employment office interviewer" was a requirement beyond the powers of the agency and violative of Haefs's due process rights. Finally, Haefs contends that if his actions constituted a violation of law, such violation was de minimis and should not provide a basis for disqualification. We conclude that the board erred as a matter of law in failing to consider Haefs's good faith attempts to apply for the referred position. Therefore, we need not consider Haefs's alternative arguments.

The Federal Supplemental Compensation Act of 1982, Pub. L. No. 97-248, tit. VI, Subtitle A, § 602(d)(2), reprinted in

1982 U.S. Code Cong. & Adm. News (96 Stat.) 703, provides that "the terms and conditions of the State law which apply to claims for extended compensation and to the payment thereof shall apply to claims for Federal supplemental compensation." General Laws c. 151A, § 30A (1) (*l*) (3) (*c*), as amended through St. 1981, c. 498, § 2, governs claims for extended benefits and provides that "[a]n individual shall not be eligible to receive extended benefits . . . [if that person] fails to apply for any suitable work to which he was referred by the employment office."[1] The board ruled that Haefs failed to apply for suitable work, in spite of his efforts to reach the prospective employer, because he did not notify the employment interviewer in the prescribed manner. We disagree.

The record indicates that Haefs was informed of the position and the interview at approximately 3 P.M. on September 27, 1982. Believing he would arrive at the nursing home in plenty of time, Haefs returned to his home to change his clothing. However, he missed a bus and did not arrive at the nursing home until 4:30 P.M. In the next day and a half he made two attempts to talk to the prospective employer. Not until he felt the position was no longer available did he communicate with the employment interviewer. These facts, if found to be true, indicate a concerned effort to apply for the job. However, the board failed to consider these attempts and ruled against Haefs solely on the ground that he failed to communicate with the employment interviewer. We believe that this failure is inconsistent with the purpose of G. L. c. 151A.

General Laws c. 151A was enacted to afford relief to those who are unemployed through no fault of their own. *General Elec. Co.* v. *Director of the Div. of Employment Sec.,* 349 Mass. 207, 210 (1965). Accordingly, the provisions of G. L. c. 151A must be construed liberally to aid this purpose. *Id.* at 210-211. Therefore, we hold that, if a claimant demonstrates

---

[1] The language found in G. L. c. 151A, § 30A (1) (*l*) (3) (*c*), tracks the language of The Federal-State Extended Unemployment Compensation Act of 1970, Pub. L. No. 91-373, tit. II, § 202(a)(3)(A), added by Pub. L. No. 96-499, tit. X, Subtitle C, § 1024(a), reprinted in 1980 U.S. Code Cong. & Adm. News (96 Stat.) 2658.

that he has made a good faith effort to apply for a referred position or shows good cause for his failure to do so, he will not be denied extended benefits under G. L. c. 151A, § 30A.[2] The burden rests upon the unemployed person to demonstrate that his continued unemployment is not due to his own lack of diligence. *Evancho* v. *Director of the Div. of Employment Sec.,* 375 Mass. 280, 282-283 (1978). Furthermore, he must show that his actions are consistent with a genuine desire to be employed. See *Werner* v. *Unemployment Compensation Bd. of Review,* 68 Pa. Commw. 545, 547 (1982). These issues are factual in nature and must be determined by the board. See *Evancho* v. *Director of the Div. of Employment Sec., supra* at 282-283. While Haefs's failure to comply with the employment interviewer's instructions may be a relevant factor to consider when determining the claimant's "good faith," we believe it should not be the sole determinant. We reverse the judgment of the District Court and order that the case be re-manded to the Division of Employment Security for findings consistent with this opinion.

*So ordered.*

---

[2] We have not found any authority which addresses the exact issue at hand. Like G. L. c. 151A, § 25 (*c*), most statutory provisions concerning regular unemployment compensation allow a claimant the opportunity to demonstrate "good cause" for failure to apply for suitable work. See *Rehart* v. *Department of Employment,* 98 Idaho 549, 550 (1977); *Immel* v. *Brown,* 143 So. 2d 156, 157-158 (La. Ct. App. 1962); *Kirk* v. *Unemployment Compensation Bd. of Review,* 52 Pa. Commw. 552, 554-555 (1980). We find that the absence of the phrase "without good cause" in G. L. c. 151A, § 30A (1) (*l*) (3) (*a*), is without significance in light of our conclusion that the Legislature tracked the language of The Federal-State Unemployment Compensation Act of 1970. We believe that different standards should not be applied. See *Russo* v. *Director of the Div. of Employment Sec.,* 377 Mass. 645, 647 (1979) (applying "good faith" standard of G. L. c. 151A, § 24 [*b*] to extended benefits provisions under G. L. c. 151A, § 30A).