ATTORNEY GENERAL *vs.* ENERGY FACILITIES SITING BOARD (and a companion case[1]). January 11, 1995. *Energy Facilities Siting Board. Electric Company.*

---

[1]Greater New Bedford NO-COALition *vs.* Energy Facilities Siting Board; Eastern Energy Corporation, intervener. Originally, a third case had been consolidated with these cases. We affirmed the dismissal of the appeal in that case as untimely. *Eastern Energy Corp.* v. *Energy Facilities Siting Bd., ante* 151 (1994).

The Attorney General and Greater New Bedford NO-COALition (NO-COAL) appeal pursuant to G. L. c. 164, § 69P (1992 ed.), and G. L. c. 25, § 5 (1992 ed.), from a final decision of the Energy Facilities Siting Board (board) conditionally approving the petition of Eastern Energy Corporation (Eastern) to construct a 300-megawatt coal-fired cogeneration power facility in New Bedford. A single justice of this court consolidated the appeals, allowed Eastern's motion to intervene, and reserved and reported the matter to this court.

Eastern initially petitioned the Energy Facilities Siting Council (council) for approval of the facility in January of 1990.[2] The council approved the project, after which the Attorney General and the city of New Bedford appealed from the decision to this court. *New Bedford* v. *Energy Facilities Siting Council*, 413 Mass. 482, 483 (1992). We concluded that the council exceeded its statutory authority and remanded the matter for further proceedings. *Id*. at 484, 490. On remand, the board conducted further hearings and, after examining numerous capacity and demand forecasts, concluded that "based on the record, the [board] is unable to determine that the proposed project is needed to provide a necessary energy supply for the Commonwealth prior to the year 2000." Rather than denying Eastern's petition, however, the board conditionally approved the project stating:

> "Here, in light of the need for the proposed project beginning in the year 2000, the [board] finds that submission of (1) signed and approved [power purchase agreements] which include capacity payments for at least 75 percent of the proposed project's electric output, and (2)(i) signed [power purchase agreements] which include capacity payments with Massachusetts customers for at least 25 percent of the proposed project's electric output . . . will be sufficient evidence to establish that the proposed project will provide a necessary energy supply for the Commonwealth. [Eastern] must satisfy this condition within four years from the date of this conditional approval. . . . The [board] finds that, at such time that [Eastern] complies with this condition, [Eastern] will have demonstrated that the proposed project will provide a necessary energy supply for the Commonwealth."

In light of our opinion in *Point of Pines Beach Ass'n, Inc.* v. *Energy Facilities Siting Bd., ante* 281 (1995), decided today, we conclude that the board's decision must be vacated. In *Point of Pines*, we rejected the board's sole reliance on approved power purchase agreements to establish Commonwealth need and held that the board must make an independent

---

[2]The Energy Facilities Siting Board, previously known as the Energy Facilities Siting Council, was reorganized, renamed, and merged with the Department of Public Utilities pursuant to St. 1992, c. 141, effective September 1, 1992.

finding of Commonwealth need before approving the construction of a new facility. *Id*. Because the board in this case failed to make an independent finding that the proposed project is needed to provide a necessary energy supply for the Commonwealth, and because standing alone, signed and approved power purchase agreements do not warrant an inference of need, we conclude that the board's decision must be vacated. We leave to the discretion of the board whether to reopen hearings on this matter.

*So ordered.*

*Frederick D. Augenstern*, Assistant Attorney General, for the Attorney General.

*Philip Y. Brown* (*David M. Geffen* with him) for Greater New Bedford NO-COALition.

*John A. DeTore* for Eastern Energy Corporation.

*E. Michael Sloman*, Special Assistant Attorney General (*Michael B. Meyer*, Special Assistant Attorney General, with him) for Energy Facilities Siting Board.

*Robert H. Russell, Third*, for Conservation Law Foundation & others, amici curiae, submitted a brief.