## EDWARD ROCKETT *VS.* STATE BOARD OF RETIREMENT & others.[1]

No. 09-P-368.

Essex. November 10, 2009. - August 24, 2010.

Present: McHugh, Mills, & Hanlon, JJ.

*Retirement. Public Employment,* Retirement. *Judge. Administrative Law,* Decision, Judicial review. *Contributory Retirement Appeal Board. Statute,* Construction. *Words.* "Employee."

The Contributory Retirement Appeal Board properly denied a request by a retired associate justice of the Probate and Family Court (plaintiff) to "buy back," for purposes of the State employees' retirement system (SERS), twelve years of his pre-judicial public service (three of which he spent as an elected, uncompensated member of a school committee and nine of which he later spent as an assistant register of probate), where the elected official provision of G. L. c. 32, § 4(1)(*a*), as inserted by St. 1947, c. 660, § 3, did not provide elected, uncompensated school committee members with creditable service in SERS and, therefore, did not provide the plaintiff with a mechanism for tacking his school committee service to his service as an assistant register, thereby qualifying him for a SERS pension; and where, by the time the Legislature inserted a provision allowing creditable service for service as an elected, unpaid school committee member, the plaintiff (who had withdrawn from SERS the contributions he made while assistant register) was no longer a member of SERS and could not avail himself of that credit. [437-443]

CIVIL ACTION commenced in the Superior Court Department on August 28, 2007.

The case was heard by *Thomas R. Murtagh,* J., on a motion for judgment on the pleadings.

*Kevin J. Murphy* for the plaintiff.

*Melinda E. Troy* for State Board of Retirement.

McHugh, J. Edward Rockett, a retired Associate Justice of the Probate and Family Court, appeals from a judgment of the

---

[1]Contributory Retirement Appeal Board and Public Employee Retirement Administration Commission.

Superior Court dismissing his appeal from a decision of the Contributory Retirement Appeal Board (CRAB). The CRAB decision denied Rockett's request to "buy back" for retirement purposes twelve years of his pre-judicial public service, nine of which he spent as an assistant register of probate (assistant register) and three of which he spent as an elected, uncompensated member of the Marblehead school committee. For the reasons that follow, we affirm the Superior Court judgment.

*Background.* The facts found by a magistrate in the Division of Administrative Law Appeals (DALA), as supplemented by the uncontested portion of the administrative record, reveal that Rockett served as an elected member of the Marblehead school committee from 1967 to 1970. Like other members of the school committee, Rockett was not compensated for his service and made no contributions to any retirement system.

From April, 1972, to May, 1981, Rockett was an assistant register in Essex County. While so employed, he was a member of the State employees' retirement system (SERS), which is defined and governed by G. L. c. 32, §§ 1-28. Throughout his employment as an assistant register, Rockett made regular contributions to SERS through salary deductions.

In June, 1981, Rockett was appointed an Associate Justice of the Probate and Family Court, a position he held for almost twenty-five years until his retirement in 2006. In his judicial capacity, Rockett was a member of the judicial retirement system, a separate system governed by G. L. c. 32, §§ 65A-65J. Again, he made contributions to that system through salary deductions.

In 1982, shortly after his appointment to the bench, Rockett withdrew all of his contributions from SERS and used the money to pay personal expenses. He made the withdrawal because the approximately nine years of "creditable service" he had earned while employed as an assistant register fell short of the ten years of service required to qualify for a SERS pension. See G. L. c. 32, § 10(2)($b^{1}/_{2}$).[2]

Several years after he withdrew his accumulated contribu-

___

[2]In material part, § 10(2)($b^{1}/_{2}$), as amended by St. 2000, c. 123, § 24C, provides:

"Any member classified in Group 1, Group 2 or Group 4, who has completed ten or more years of creditable service, and who resigns or

tions from SERS, Rockett learned of the existence of G. L. c. 32, § 4(1)(*a*), the pertinent provision of which says that, in calculating creditable service, a "member in service . . . shall be credited with a year of creditable service for each calendar year during which he served as an elected official."[3] Rockett believed that the "elected official" provision of § 4(1)(*a*) applied to his service on the Marblehead school committee, and that, when his three years of school committee service were added to his nine years of service as an assistant register, he had enough total service to qualify for a SERS pension upon reaching age fifty-five.

Propelled by that belief, Rockett wrote to the State Board of Retirement (board) in November, 2004, asking to buy back his service as assistant register by redepositing his withdrawn contribution plus interest and asking for credit for his service as a school committee member.[4] The board denied Rockett's request, stating, in essence, that until G. L. c. 32, § 4(1)(*o*), was amended in 1994, no statutory buy back provision was available to transform unpaid school committee service into creditable service.[5] In the process, the board inferentially rejected Rockett's claim that

voluntarily terminates his service and leaves his accumulated total deductions in the annuity savings fund of the system of which he is a member, shall have the right upon attaining age fifty-five, or at any time thereafter, to apply for a termination retirement allowance . . . ."

[3]That provision was inserted by St. 1947, c. 660, § 3, which is discussed more extensively below.

[4]In his letter, Rockett said, in part, "I believe that my three years on the School Committee counts for one year towards my retirement. I therefore have ten years of state service." The source of the three-to-one ratio is unclear, except that, as Rockett viewed his status, he needed only one additional year of nonjudicial State service to qualify for a SERS pension. The conversation in which Rockett learned of § 4(1)(*a*) occurred sometime between 1984 and 1989, and it is also unclear why he waited until 2004 to seek reinstatement to SERS.

[5]General Laws c. 32, § 4(1)(*o*), inserted by St. 1971, c. 894, provided that "[a]ny member who served as a selectman, alderman or city councilor," who was elected to one of those positions by direct vote and who served without compensation, could establish creditable service by depositing into the system the amount that would have been deducted from his salary if the position had an annual salary of $2,500. Section 4(1)(*o*) was amended by St. 1994, c. 197, to include elected, uncompensated school committee members and by St. 2002, c. 394, to include elected, uncompensated town moderators. The most recent amendment, St. 2009, c. 21, § 5, struck the text of § 4(1)(*o*) and

the elected official provision of § 4(1)(*a*) entitled him to credit for the three years he had served on the school committee.

Pursuant to G. L. c. 32, § 16(4), Rockett appealed the board's denial. After a hearing, a DALA magistrate issued a decision (DALA decision) denying the appeal on grounds slightly different from those the board had articulated. The DALA decision stated that, although c. 32, § 4(1)(*o*), did contain a buy back provision applicable to unpaid school committee service, that provision was applicable only to SERS members. Rockett's withdrawal of his contribution in 1982, the DALA decision said, ended his membership in SERS and the buy back provisions were unavailable to him thereafter. Rockett appealed again, this time to CRAB, which affirmed the pertinent portions of the DALA decision.[6]

Rockett appealed the CRAB decision to the Superior Court pursuant to G. L. c. 30A, § 14. A judge of that court issued a memorandum of decision allowing CRAB's motion for judgment on the pleadings. A judgment dismissing Rockett's appeal thereafter entered. This appeal followed.

*Discussion.* Here, Rockett raises two principal contentions. First, he contends, as he has from the outset, that the elected official provision of c. 32, § 4(1)(*a*), applies to his service as a member of the Marblehead school committee and that, when his school committee service is tacked to his years of service as an assistant register, he has sufficient service for a SERS pension. Second, he claims that CRAB and the Superior Court judge erred in concluding that he was not entitled to buy back his SERS service and realize the pension for which his years of service qualify him. Neither contention is persuasive.

In considering Rockett's claims, we recognize that "retirement law is notoriously complex" and that CRAB has been charged

inserted the following in its place: "The service of a state, county or municipal employee employed or elected in a position receiving compensation of less than $5,000 annually, which service occurs on or after July 1, 2009, shall not constitute creditable service for purposes of this chapter."

[6]Pointedly, the CRAB affirmance did not adopt a portion of the DALA decision stating that, under certain circumstances, Rockett would be entitled to two pensions, one pursuant to SERS and one pursuant to the judicial retirement system. The broad question whether there are any circumstances under which one can be entitled to a pension under both systems is not before us and we venture no opinion on it.

with a principal role in interpreting G. L. c. 32, the governing statute. *Namay* v. *Contributory Retirement Appeal Bd.*, 19 Mass. App. Ct. 456, 463 (1985). We accept the facts found by CRAB when there is substantial evidence to support them, see *Fergione* v. *Director of the Div. of Employment Security*, 396 Mass. 281, 283 (1985), and also accept the reasonable inferences CRAB draws from the facts. See *Salem* v. *Massachusetts Commn. Against Discrimination*, 44 Mass. App. Ct. 627, 641 (1998). That said, "[t]he construction of the statute is a matter of law and although the opinion of CRAB is entitled to some weight the courts cannot be bound by an erroneous statutory construction by an administrative body." *McDonough* v. *Contributory Retirement Appeal Bd.*, 15 Mass. App. Ct. 14, 15 (1982). Accord *Bristol County Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 65 Mass. App. Ct. 443, 451 (2006) ("where a question of law is involved, we act de novo").

When we review the record with those principles in mind, it is at once apparent that Rockett's contention regarding the elected official provision of § 4(1)(*a*) runs headlong into a series of insuperable obstacles. The first of those is the statutory text, which provides "the principal source of insight into Legislative purpose." *Providence & Worcester R.R.* v. *Energy Facilities Siting Bd.*, 453 Mass. 135, 142 (2009), quoting from *New Bedford* v. *Energy Facilities Siting Council*, 413 Mass. 482, 485 (1992), *S.C.*, 419 Mass. 1003 (1995). In pertinent part, § 4(1)(*a*), as amended through St. 1947, c. 660, § 3, states as follows:

> "Any member in service shall, subject to the provisions and limitations of sections one to twenty-eight inclusive, be credited with all service rendered by him *as an employee* in any governmental unit *after becoming a member of the system pertaining thereto*; provided, that he shall be credited with a year of creditable service for each calendar year during which he served as an elected official; and provided, further, that in no event shall he be credited with more than one year of creditable service for all such membership service rendered during any one calendar year." (Emphasis supplied.)

The text, therefore, limits the elected official provision to "employees" who are "members" of the "system" that covers

the governmental unit in which they hold office.[7] That limitation affects Rockett in two ways. First, his service as a school committee member was not service "as an employee." The term "employee" is defined in a variety of ways in c. 32, § 1, but payment of "regular compensation" to persons "regularly employed" has been at the heart of each definition since the establishment of the contributory retirement system in 1945. See St. 1945, c. 658, § 1. Rockett was neither regularly compensated nor regularly employed while on the school committee.[8] Second, Rockett did not accumulate his school committee service "after becoming a member of the [applicable] system." Instead, he first became a member of SERS upon his appointment as an assistant register in 1972, two years after the end of his school committee service.

The second obstacle has to do with the nature and function of SERS as revealed by its governing statutory provisions, for "[i]n interpreting a statute, [we] must consider the entire statutory scheme by looking to the language of the statute as a whole." *Arlington Contributory Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 75 Mass. App. Ct. 437, 442 (2009). Broadly viewed, G. L. c. 32, §§ 1-28, creates and describes a *contributory* retirement system, i.e., a system maintained by deductions

---

[7] In 2004, Rockett may have been a member of a system because he was employed as a judge and covered by the judicial retirement system. See G. L. c. 32, § 3(2)(a)(xiv). His status as a member of the judicial retirement system, however, did not entitle him to acquire or receive pension benefits in SERS, a separate retirement system governed by G. L. c. 32, §§ 1-28. See note 5, *supra.*

[8] As originally enacted, and now, the statute does cover certain people who are elected by popular vote to county or municipal offices. See G. L. c. 32, § 3(2)(a)(vi). They can become "members" of a system but only if they file with the board "a written application for membership within ninety days after the date of assuming office," *ibid.*, inserted by St. 1945, c. 658, § 1, or, if they have a right to become a member and initially elected not to do so, they may pay into the system the contributions that would have been deducted from their regular compensation had they joined at their earliest opportunity, plus interest. See G. L. c. 32, § 3(3). With exceptions not here relevant, however, only a "member in service" is entitled to receive creditable service, G. L. c. 32, § 4(1)(a), inserted by St. 1945, c. 658, § 1, and a member in service is a person who is "regularly employed" in the service of, among other things, a political subdivision of the Commonwealth, G. L. c. 32, § 3(1)(a)(i), inserted by St. 1945, c. 658, § 1, a status that presumes payment of regular compensation. See G. L. c. 32, § 1, inserted by St. 1945, c. 658, § 1 (defining "service" as requiring payment of compensation). Elected, unpaid school committee members are, therefore, not covered by those provisions.

from the compensation paid to its members. See G. L. c. 32, § 22. Creditable service in SERS, which affects the amount of the regular pension to which a member is entitled, see G. L. c. 32, § 5(2)(*a*), is generally tied to a member's service as an employee, see G. L. c. 32, § 4(1)(*a*), which the statute, in essence, defines as a person receiving regular compensation for regular employment by a governmental unit. See G. L. c. 32, § 1. In a contributory system of that sort, one would expect to find precise and explicit statutory language if the Legislature intended to allow a year of creditable service for a period during which an employee made no contribution.

A third obstacle to Rockett's claim is posed by the origin of the elected official provision, which was inserted in 1947 (see note 3, *supra*), and was apparently designed to facilitate calculation of the amount of creditable service earned by members of the Legislature and other Statewide elected officers. When the current retirement scheme was created by St. 1945, c. 658 (1945 act), State legislators and constitutional officers were explicitly excluded from participation.[9] Two years later, a legislative committee recommended that both categories be included. See 1947 House Doc. No. 1653, at 16-18, 24-27 (Report of the Special Commission Established for the Purpose of Investigation and Study of Certain Matters Relating to the Non-Contributory Retirement Systems of the Commonwealth and Certain Political Subdivisions Thereof). Statute 1947, c. 660 (1947 act), entitled "an act relative to membership of constitutional officers and members of the General Court in the contributory retirement systems," soon followed.

The 1947 act (which, in pertinent part, amended G. L. c. 32, § 1) provided that "constitutional officers, members of the general court or other persons elected by popular vote" were "employees" eligible for inclusion in SERS if their "regular compensation" was paid by the Commonwealth and if they were "regularly and permanently employed" in the Commonwealth's service. St. 1947, c. 660, § 1. The statutory amendments contained in every other provision of the 1947 act, save one, were designed

---

[9]The 1945 act defined, in pertinent part, an "employee" of the Commonwealth to "exclud[e] constitutional officers, members of the general court or other persons elected by popular vote" at the State level. See St. 1945, c. 658, § 1.

to insure that constitutional officers, members of the General Court, and other employees elected at the State level were included in SERS's substantive provisions.[10]

In that context, insertion of the elected official provision appears to have been designed to provide a clear and certain method for calculating years of creditable service for legislators who served in a body that was not necessarily in session continuously throughout the year, whose sessions sometimes finished before the end of the calendar year, and whose terms in office in any event ended shortly after a new calendar year began. See Opinion of the Attorney General, Rep. A.G., Pub. Doc. No. 12, at 174 (1976) (Observing that the General Court was aware that "elective terms" of certain State officials described in the Sixty-Fourth Article of Amendment to the Massachusetts Constitution[11] "extend[] into the early weeks of the succeeding calendar year" and, in the "elected official" provision, "intended to provide for a full year of creditable service whenever an elected state official served 'at some time during the course of' a calendar year").

The final stumbling block in the path of Rockett's assertion that he is entitled to take advantage of the elected official provision of § 4(1)(*a*) is the Legislature's amendment of the statute in 1994 to provide an explicit mechanism for SERS members to buy credit for the time they had served as elected, unpaid members of a local school committee. See G. L. c. 32, § 4(1)(*o*), inserted by St. 1994, c. 197. See note 5, *supra*. If the elected official provision of § 4(1)(*a*) had provided years of creditable service for unpaid school committee membership since 1947, there simply would have been no reason for the Legislature to create a mechanism for purchasing credit in 1994. See generally, e.g., *C&M Constr. Co.* v. *Commonwealth*, 396 Mass. 390, 393 (1985) (If an existing statute was intended to cover interest on a particular kind of judgment, a later statute explicitly

---

[10]The one exception is found in a portion of St. 1947, c. 660, § 2, that amended G. L. c. 32, § 3(2)(*d*), which was inserted by St. 1945, c. 658, § 1. The 1947 act was apparently designed to remove an uncertainty regarding the application of G. L. c. 32, § 3(2)(*a*)(vi), and G. L. c. 32, § 3(2)(*d*), which were inserted by St. 1945, c. 658, § 1, insofar as both sections dealt with elected county or municipal officers.

[11]The officials there mentioned are the Governor, Lieutenant Governor, Secretary of the Commonwealth, Treasurer and Receiver General, Attorney General, Auditor, councillors, senators and representatives.

providing for interest on that kind of judgment would have been "an unnecessary and redundant legislative gesture").[12]

---

[12]Rockett's primary argument is that the amendment is not retroactive and that its enactment does not impose on him an obligation to buy back credit for his uncompensated service as a school committee member, service for which he has always been entitled to credit pursuant to the elected official provision. Alternatively, however, Rockett argues that the statute is retroactive and that upon its enactment he became entitled to buy back credit for his uncompensated service. In a sense, the amendment is retroactive because, although enacted in 1994, it limits the buy back right to school committee members first elected to office before 1976. Although Rockett's school committee service comes within that limitation, the amendment made the buy back opportunity only to SERS "members," see note 5, *supra,* and Rockett was not a SERS member in 1994. Under the statutory scheme, there are only two kinds of SERS members: members in service, consisting of those who are "regularly employed in the performance of [their] duties," including those on certain leaves of absence, G. L. c. 32, § 3(1)(*a*)(i), inserted by St. 1945, c. 658, § 1; and inactive members, consisting of those who have "been retired and [are] receiving a retirement allowance, any member in service whose employment has been terminated and who may be entitled to any present or potential retirement allowance or to a return of his accumulated total deductions . . . , or any member in service who is on an authorized leave of absence without pay other than as provided for in clause (i)." G. L. c. 32, § 3(1)(*a*)(ii), inserted by St. 1945, c. 658, § 1. In 1994, Rockett fell into neither category, for his membership ceased when he withdrew his accumulated contributions upon becoming a judge. See G. L. c. 32, § 10(4). See generally *Swansea* v. *Contributory Retirement Appeal Bd.,* 43 Mass. App. Ct. 402, 406-407 (1997) (stating that [the employee] withdrew his total deductions and "resigned his membership in the system"). Neither of the two cases on which Rockett relies requires a different result. In *Boston Retirement Bd.* v. *McCormick,* 345 Mass. 692, 697-698 (1963), the court held that the board had no right to repay an employee her accumulated contributions and doing so was a correctable mistake, and in *Gannon* v. *Contributory Retirement Appeal Bd.,* 338 Mass. 628, 632 (1959), the court held that an injured employee retained his membership in SERS pursuant to G. L. c. 32, § 14(1)(*a*). Neither situation is similar to Rockett's. Beyond that, buying back credit for his school committee service would only be useful to Rockett if he could also buy back credit for his service as an assistant register and he can point to no statutory provision that would have allowed him to do that in 1994. General Laws c. 32, § 3(3), allows "employees," see c. 32, § 1, who elected not to become members at an earlier time to buy back membership in the system covering their employment, but that provision is inapplicable to Rockett both because he had elected to become a member when he first became employed as an assistant register and because, by 1994, he was no longer an "employee" of an entity covered by SERS. General Laws c. 32, § 3(8)(*b*), allows former members of a system who become employed in a new governmental unit where a contributory retirement system is in effect to deposit the appropriate buy back amount in the system that covers their new employment and thereby obtain credit for their prior employment, but it does not permit them to buy back credit in their old system. That provision, therefore,

In the end, then, the elected official provision inserted by St. 1947, c. 660, § 3, did not provide elected, uncompensated school committee members with creditable service in SERS and, therefore, did not provide Rockett with a mechanism for tacking his school committee service to his service as an assistant register, thereby qualifying him for a SERS pension. By the time the Legislature inserted a provision allowing creditable service for service as an elected, unpaid school committee member, Rockett was no longer a member of SERS and could not avail himself of that credit.

*Judgment affirmed.*

did not allow Rockett in 2004 to buy back his assistant register service. Further, transfer of creditable service to the judicial retirement system is prohibited by G. L. c. 32, § 65D, inserted by St. 1973, c. 1211, § 3, which, with exceptions not here material, states that "[n]o other retirement provisions shall be applicable to judges first appointed [as Rockett was] on or after January second, nineteen hundred and seventy-five" and no provision of the judicial retirement system statutes allows for transfer of creditable service obtained elsewhere.