Connolly, Thomas E., J.
The defendant, Mark Newman (“Newman”), was an employee of the Suffolk County District Attorney’s Office first as a legal assistant from June 16, 1971 to September 5, 1972 and from June 12, 1974 to October 1, 1974. From January 7, 1976 to June 30, 1984, he served as an Assistant District Attorney. His accrued credible service totaled 10 years and 12 days. In January 1985, Newman completed a “Withdrawal Notice” and requested and received a return of his accumulated total retirement deductions. The form that he signed contained the following statement:
In consideration of such payment, all other rights and privileges to which I was entitled as a member of such Retirement System are hereby surrendered and I understand that upon such payment my membership in the Retirement System will terminate.
The Withdrawal Notice also stated:
I further understand that if I return to active service as an employee of the Commonwealth of Massachusetts more than 2 years after the date of my termination of service I do so with the status of a new employee not entitled to credit for my previous service, unless before the date any retirement allowance becomes effective for me I pay into the annuity savings fund of the Retirement System, either in one sum or in installments, make up payments of an amount equal to the accumulated regular deductions withdrawn by me, together with regular interest.
In November 2002, Newman was appointed as an Associate Justice of the Essex County Juvenile Court, and became a member of the judicial retirement system. By letter of November 18,2003 to the State Board of Retirement (“Board”), Newman requested that he be permitted to buy back his prior non-judicial service. On March 1, 2004, the Board informed Newman that it voted to deny his request.
Newman took a timely appeal and the matter was referred to the Division of Administrative Law Appeals (“DALA”). After hearing before Chief Magistrate Christopher F. Connolly, the Board’s decision was reversed by written opinion. While Magistrate Connolly acknowledged that there is a separate retirement system forjudges, he found that Newman has the right to buy back his creditable service. Specifically,
[t]he term ‘governmental unit’ is defined in G.L.c. 32, §1 and includes the Commonwealth. [Newman] was formerly employed by the Commonwealth; upon his appointment as an Associate Justice of the Juvenile Court, he re-entered the active service of the Commonwealth.
The Board filed its opposition to the DALA decision and the matter came before the Contributory Retirement Appeal Board (“CRAB”) which affirmed the DALA decision. CRAB held that Section 65D’s language that no other retirement provision should apply to judges and Section 3(6)(d)’s language that any former member who re-enters the active service of the governmental unit in which he was formerly employed to serve may rejoin the state retirement system conflict with each other. To harmonize the two sections, CRAB held that Section 65D “should be construed as making the provisions relating to the retirement of judges the exclusive retirement provisions for judges as judges” (emphasis in original). In addition, the language in Section 65D “does not manifest’ a clear, unambiguous intention by the Legislature to preclude judges from benefitting from pensions they may have earned in non-judicial positions. On the other hand, the Legislature’s mandate in §3(6)(d) is clear and unambiguous.” CRAB held: “Because the Commonwealth is a ‘governmental unit,’ by becoming a judge Newman has ‘re-entered the active service of the governmental unit in which [he] was formerly employed.’ As a former member, Newman, is entitled to buy back credit for service from the State retirement system.”
The Board filed a motion for reconsideration of the CRAB decision which was denied by written decision on December 26, 2008. The Board then filed this action under ch. 30A, §14 seeking judicial relief and claiming that the CRAB decision was based upon an *508 error of law, unsupported by substantial evidence, and arbitrary and capricious.
Both the Board and Newman have filed Motions for Judgment on the Pleadings under Mass.R.Civ.P. 12(c).
DISCUSSION
This Court has read all the pleadings and submissions, has had argument and then re-argument. This Court recognizes that retirement law is notoriously complex, see Namay v. Contributory Retirement Appeal Bd., 19 Mass.App.Ct. 456, 463 (1985), in part because the primary statute, Ch. 32, is the creature of repeated amendments by the Legislature. CRAB has been charged with a principal role in interpreting G.L.c. 32. Id. We accept the facts found by CRAB when there is substantial evidence to support them and also accept the reasonable inferences CRAB draws from the facts. Rockett v. State Board of Retirement, 77 Mass.App.Ct. 434, 438 (2010). However, “[t]he construction of the statute is a matter of law and although the opinion of CRAB is entitled to some weight the courts cannot be bound by an erroneous statutory construction by an administrative body.” McDonough v. Contributory Retirement Appeal Bd., 15 Mass.App.Ct. 14, 15 (1982)
This case, although at first blush appears complicated, is fairly straightforward. Ch. 32 provides for two separate retirement systems. The Ch. 32, §§1-28 retirement system applies to non-judicial state employees. The Ch. 32, §65A-J retirement system applies exclusively to judges.
Newman is attempting to buy back into the Ch. 32, §1 to §28 retirement system where he had attained the 10 years employment to qualify for a regular state employee’s pension. He evidently anticipates that if he is allowed to buy back into the previous state employee’s pension plan, he will be allowed to collect two separate pensions from the Commonwealth upon his retirement.
Newman, however, terminated his membership in the ch. 32, §1-28 retirement system in 1985 when he signed the “Withdrawal Notice” acknowledging that in consideration of payment of his accumulated retirement deductions, “all other rights and privileges to which [he] was entitled . . .” as a member of the state employees’ retirement system were surrendered and that “upon . . . payment [his] membership in the retirement system will terminate.”[1] See Rockett, 77 Mass.App.Ct. at 442 n.12.
When Newman returned to public service in 2002, he returned to a different branch of government which has its own exclusive judicial retirement system. See G.L.c. 32, §3(2)(xiv) (providing that any person who is appointed as a member of the judiciary on or after January 2, 1975, shall become a member subject to the provisions of Section 65D). Further, Ch. 32, §65D states that no other retirement provisions shall be applicable to judges appointed on or after January 2, 1975. Thus, when Newman became a member of the judiciary in 2002, he was and still is a member of the judicial retirement system only.
This Court believes that the language of the statute is plain and unambiguous, and that there is no need to look beyond the statutory language to properly interpret it. State Bd. of Retirement v. Boston Bd. of Retirement, 391 Mass. 92, 94 (1984). This Court finds the following:
The decision of CRAB is legally erroneous because it found that Ch. 32, §3(6)(d) is applicable to Newman. First, as discussed above, Ch. 32, §§1-28 applies to non-judicial state employees. Newman’s interest in the non-judicial retirement system was eliminated when he withdrew his money. In addition, the Ch. 32, §65A-J retirement system applies to judges and Ch. 32, §65D states that no other retirement provisions shall be applicable to judges. See Hodos v. Contributory Retirement Appeal Bd., Civil Action No. 06-089 (FranklinSuper.Ct. March 26, 2007) (Sweeney, J.), citing G.L.c. 32, §651 (“[E]xpress permission is necessary in order for judges to apply provisions of the general retirement fund (G.L.c. 32, §§1-28) to judges”).
Further, CRAB’S determination that when Newman was appointed to the bench, he returned to the “governmental unit in which he was formerly employed” was error. Ch. 32, §3(6) (d) applies to “any former member who is reinstated or who re-enters the active service of the governmental unit in which he was formerly employed to serve in a position which is subject to the provision of this chapter . . .” Ch. 32, §1 defines “governmental unit” as “the commonwealth or any political subdivision thereof.”[2] To equate the District Attorney’s Office which is a part of the Executive Branch of state government and which is a part of the non-judicial retirement system to a judicial position which has its own retirement system is stretching the law and is error. Cf. Rockett, 77 Mass.App.Ct. at 442 n.12 (no statutory provision that would have allowed judge to buy back credit for his service as assistant register); see also Rockett v. State Bd. of Retirement, Civil Action No. 2007-1606 (Essex Super.Ct. Nov. 26, 2008) (Murtagh, J.) (finding that G.L.c. 32, §3(6)(d) did not apply to judge because he “never returned to the governmental unit at which he was formerly employed"). Thus, this Court believes under the facts of this case that Newman could not be found as a matter of law to be a “former member . . . who reenters the active service of the governmental unit in which he was formerly employed.”[3]
ORDER
After hearing and review of all submissions it is ORDERED that:
1. The State Board of Retirement’s Motion for Judgment on the Pleadings is ALLOWED.
*509 2. Mark Newman’s Motion for Judgment on the Pleadings is DENIED.
3. The decisions of DALA and CRAB are VACATED.
4. Judgment shall enter for the State Board of Retirement affirming its Decision.

 There are two different classes of members in the regular non-judicial retirement system:
members in service, consisting of those who are “regularly employed in the performance of [their] duties,” and inactive members, consisting of those who have “been retired and [are] receiving a retirement allowance, any member in service whose employment has been terminated and who may be entitled to any present or potential retirement allowance or to a return of his accumulated total deductions ... or any member in service who is on an authorized leave of absence without pay other than as provided for in clause (i) .”
G.L.c. 32, §3(l)(a)(i) and (ii).

 A “political subdivision” is defined as “the metropolitan district commission or any county, hospital district, city, town, district or housing authority, established under the provisions of section five or chapter one hundred and twenty-one B, ... or any other public unit in the commonwealth.” G.L.c. 32, §1.

 Newman also argues that he withdrew his contributions because of advice that he received in August 1984 from James W. Callanan, Executive Secretary for the State of Board of Retirement. Newman alleges that Mr. Callanan told him that if Newman returned to state service he could repay into the system his accumulated contributions with interest. Once Newman formerly withdrew and accepted his accumulated deductions, however, he severed whatever connection he had with the state retirement system. Newman signed documents putting him on notice that he was surrendering all rights and privileges to which he was entitled as a member of the retirement system and further that his membership in the retirement system would terminate. This Court finds that the documents which Newman signed were clear and unequivocal and regardless of any advice from Callanan, Newman knew or should have known that he was terminating his membership in the retirement system.